# Matter of Binsar SILITONGA, Respondent

File A072 244 428 - Los Angeles, California

*Decided October 8, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Under 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1)(ii) (2009), Immigration Judges have no jurisdiction to adjudicate an application filed by an arriving alien seeking adjustment of status, with the limited exception of an alien who has been placed in removal proceedings after returning to the United States pursuant to a grant of advance parole to pursue a previously filed application.

FOR RESPONDENT: Kathleen S. Koh, Esquire, Whittier, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sylvie C. Khayat, Assistant Chief Counsel

BEFORE: Board Panel: MILLER, MALPHRUS, and MULLANE, Board Members.

MULLANE, Board Member:

In a decision dated February 24, 2006, an Immigration Judge found the respondent subject to removal and granted his application for adjustment of status. The Department of Homeland Security ("DHS") has appealed from that decision.[1] The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The DHS initially charged that the respondent, who was admitted to the United States on or about November 23, 1989, was removable as a nonimmigrant who remained in the United States beyond the period allowed. At a hearing on March 12, 2004, the respondent admitted the factual

---

[1] The DHS commenced removal proceedings against the respondent, his wife, and their two children. During the course of the proceedings the Immigration Judge granted the respondent's wife and children adjustment of status. The only issue litigated was whether the respondent was eligible for adjustment of status. Accordingly, the DHS has only appealed the Immigration Judge's order regarding this respondent.

allegations, conceded removability, and advised the Immigration Judge of his intention to apply for adjustment of status. The respondent's wife had a pending Immigrant Petition for Alien Worker (Form I-140), which was subsequently approved, and at a hearing on March 28, 2005, the respondent and his family members submitted their adjustment of status applications. At the same hearing, the DHS withdrew certain of the allegations and the charges against the respondent and alleged instead that he was paroled into the United States on or about November 23, 1999, to pursue a previously filed adjustment application, which was denied on January 9, 2003. The respondent was charged with inadmissibility pursuant to section 212(a)(7)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A) (2000). At a subsequent hearing on January 23, 2006, the respondent admitted the new allegations, conceded inadmissibility, and requested adjustment of status.[2] The DHS argued that the respondent was not eligible for adjustment of status because he was an arriving alien. The Immigration Judge rejected that argument and, relying on *Bona v. Gonzales*, 425 F.3d 663 (9th Cir. 2005), concluded that the respondent was eligible for adjustment of status.

## II. ANALYSIS

On appeal the DHS argues that the regulations have been amended and that the Immigration Judge is not authorized to consider the respondent's request for adjustment of status. The DHS requests that we vacate the Immigration Judge's decision and administratively close the case so that the United States Citizenship and Immigration Services ("USCIS") can adjudicate the application in the first instance. For the following reasons, we agree with the DHS's argument that under the current regulations, the respondent is not eligible to apply for adjustment of status before the Immigration Judge because he is not renewing a previously denied application.

We begin our analysis with the decision of the United States Court of Appeals for the Ninth Circuit in *Bona*, which held that an arriving alien could apply for adjustment of status in removal proceedings. *Bona v. Gonzales*, 425 F.3d at 670. That case involved the regulation at 8 C.F.R. § 245.1(c)(8) (2005), which precluded arriving aliens from seeking adjustment of status in removal proceedings. The court concluded that the regulation was invalid because it precludes arriving aliens from applying for adjustment of status any time the alien is placed in removal proceedings. According to the court, "[A] regulation that specifically excludes paroled aliens from applying

---

[2]  At the time of this hearing the respondent's wife was the beneficiary of a new employment-based visa petition filed by a different employer. Her adjustment of status request was grandfathered by section 245(i) of the Act, 8 U.S.C. § 1255(i) (2006).

for adjustment of status in removal proceedings directly conflicts not only with the specific statute on point, 8 U.S.C. § 1255(a), but creates absurd results when viewed in light of the larger statutory scheme." *Id*. In reaching this conclusion, the Ninth Circuit expressly agreed with a decision of the First Circuit in *Succar v. Ashcroft*, 394 F.3d 8 (1st Cir. 2005). Other courts have concurred with that ruling. *Scheerer v. U.S. Att'y Gen.*, 445 F.3d 1311 (11th Cir. 2006); *Zheng v. Gonzales*, 422 F.3d 98 (3d Cir. 2005). On the other hand, two courts have held that the regulation was a valid exercise of discretionary authority. *Momin v. Gonzales*, 447 F.3d 447, *reh'g granted and opinion vacated*, 462 F.3d 497 (5th Cir. 2006); *Mouelle v. Gonzales*, 416 F.3d 923 (8th Cir. 2005), *cert. granted and judgment vacated*, 548 U.S. 901 (2006).

As we recently noted in *Matter of Martinez-Montalvo*, 24 I&N Dec. 778, 782 (BIA 2009), the Attorney General and the Secretary of Homeland Security amended the regulations in 2006 and "eliminate[d] 8 C.F.R. §§ 245.1(c)(8) and 1245.1(c)(8) to avoid inconsistent application of the adjustment of status laws." The new regulations at 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1) (2009) give the USCIS jurisdiction to adjudicate adjustment applications of arriving aliens, with a limited exception. Thus, Immigration Judges only have jurisdiction to adjudicate an arriving alien's application for adjustment of status where (1) the alien properly filed the application for adjustment of status with the USCIS while in the United States, (2) the alien departed from and returned to the United States pursuant to a grant of advance parole, (3) the application for adjustment of status was denied by the USCIS, and (4) the DHS placed the alien in removal proceedings. 8 C.F.R. §§ 1245.2(a)(1)(ii)(A)-(D). As the Ninth Circuit has recognized, albeit in a slightly different context, the "Interim Rule . . . was passed in response to the decisions of four Courts of Appeal[s], including our own, holding that the Attorney General must provide an opportunity for arriving aliens in removal proceedings to apply for adjustment on the basis of a valid immigrant visa petition." *Kalilu v. Mukasey*, 548 F.3d 1215, 1218 (9th Cir. 2008).

In *Matter of Martinez-Montalvo*, we considered a related but somewhat different issue, namely whether an Immigration Judge has jurisdiction to consider an application filed by an arriving alien seeking adjustment of status under the Cuban Refugee Adjustment Act of November 2, 1996, Pub. L. No. 89-732, 80 Stat. 1161 ("Cuban Adjustment Act"). We concluded that Immigration Judges do not have such jurisdiction. *Matter of Martinez-Montalvo*, 24 I&N Dec. at 783. In so holding, we relied on the regulatory amendments discussed above that give the USCIS jurisdiction over adjustment applications of arriving aliens and only allow Immigration Judges to take jurisdiction in narrow circumstances. We determined further that the rules applicable to adjustment applications under section 245 of the Act, 8 U.S.C. § 1255 (2006), would apply to Cuban Adjustment Act cases.

Although *Martinez-Montalvo* involved the Cuban Adjustment Act, we now hold that the limitations on an Immigration Judge's jurisdiction noted there also apply in section 245 adjustment cases.

Given the changes in the regulatory scheme, we conclude that the Ninth Circuit's decision in *Bona v. Gonzales*, 425 F.3d 663, is not controlling here because the concerns identified in that case, namely an arriving alien's inability to have an application for adjustment of status adjudicated, are no longer applicable. The current regulations that give jurisdiction to the USCIS and limited jurisdiction to the Immigration Judges ameliorate those concerns.

Turning to the facts and circumstances of this case, we agree with the DHS that under the current regulations, the respondent is not eligible to apply for adjustment of status before the Immigration Judge because he is not renewing a previously denied application. Rather, his request is based on a new employment-based visa petition filed on behalf of his wife and a new adjustment application. Although the respondent's wife has been grandfathered in under section 245(i) of the Act, this circumstance does not satisfy the requirements of 8 C.F.R. § 1245.2(a)(1)(ii) in the respondent's case, because the application is a new one. Accordingly, the DHS's appeal will be sustained. However, we will remand the record to give the parties and the Immigration Judge an opportunity to consider any relief for which the respondent may be eligible and to allow the respondent to decide whether to stipulate to the DHS's proposal that the Immigration Judge administratively close proceedings so that the USCIS can consider his adjustment application.

**ORDER:** The appeal of the DHS is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision and for the entry of a new decision.