# Matter of Jose S. MARTINEZ-MONTALVO, Respondent

File A097 309 445 - Miami, Florida

*Decided April 20, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Under 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1)(ii) (2008), Immigration Judges have no jurisdiction to adjudicate an application filed by an arriving alien seeking adjustment of status under the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, as amended, with the limited exception of an alien who has been placed in removal proceedings after returning to the United States pursuant to a grant of advance parole to pursue a previously filed application. *Matter of Artigas*, 23 I&N Dec. 99 (BIA 2001), superseded.

FOR RESPONDENT: Tal Winer, Esquire, Miami, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Adam Weisholtz, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, PAULEY, and HESS, Board Members.

PAULEY, Board Member:

In a decision dated May 14, 2007, an Immigration Judge found the respondent removable and granted his application for adjustment of status under the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161 ("Cuban Adjustment Act"). The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the decision of the Immigration Judge will be vacated, and the record will be remanded for further proceedings.

The respondent, who is a native and citizen of Cuba, is an arriving alien. In removal proceedings before the Immigration Judge, he applied for adjustment of status, which the Immigration Judge granted, noting his jurisdiction to adjudicate the application and citing our decision in *Matter of Artigas*, 23 I&N Dec. 99 (BIA 2001). On appeal, the DHS argues that Immigration Judges do not have such jurisdiction after the publication of an interim rule in

2006 that repealed 8 C.F.R. §§ 245.1(c)(8) and 1245.1(c)(8) (2006)[1] and amended 8 C.F.R. §§ 245.2 and 1245.2 (2006), which set forth the rules regarding jurisdiction over adjustment applications. *See* Eligibility of Arriving Aliens in Removal Proceedings To Apply for Adjustment of Status and Jurisdiction To Adjudicate Applications for Adjustment of Status, 71 Fed. Reg. 27,585 (May 12, 2006); *see also* 8 C.F.R. §§ 245.2 and 1245.2 (2008).[2] We agree with the DHS, because the rationale underlying our decision in *Matter of Artigas* is no longer viable in light of the amendments to the governing regulations.

We find it helpful to set forth the history underlying the question presented in this case, as explained in the Supplementary Information to the May 12, 2006, interim rule. 71 Fed. Reg. at 27,586-88; *see also Matter of Artigas*, *supra*, at 101-04. Before the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), aliens who had entered the United States and were subject to deportation proceedings could file an application for adjustment of status with an Immigration Judge. *See* 71 Fed. Reg. at 27,586. However, this form of relief was generally unavailable to aliens seeking to enter the United States who were placed in exclusion proceedings as

---

[1] These regulations were identical and provided that "[a]ny arriving alien who is in removal proceedings" is included within the category of aliens who are ineligible to apply for adjustment of status.

[2] The current regulation at 8 C.F.R. § 245.2(a)(1) provides as follows:

> USCIS has jurisdiction to adjudicate an application for adjustment of status filed by *any* alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 C.F.R. § 1245.2(a)(1).

(Emphasis added.) The regulations at 8 C.F.R. §§ 1245.2(a)(1) provide, in pertinent part, as follows:

> (i) *In General.* In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.
> (ii) *Arriving aliens.* In the case of an arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate *any* application for adjustment of status filed by the arriving alien . . . .").

(Emphasis added.)

inadmissible aliens. *Id.* The former Immigration and Naturalization Service[3] generally had exclusive jurisdiction over an adjustment of status application filed by a paroled alien in exclusion proceedings, and the alien was unable to file or renew the application before an Immigration Judge. *Id.*

When the IIRIRA was enacted in 1996, deportation and exclusion proceedings were replaced by a single "removal" proceeding, but the distinction remained between aliens who have been admitted and those seeking admission, i.e., arriving aliens. *Id.* Implementing the IIRIRA, the Attorney General sought to continue the traditional rule that an applicant for admission who has been placed in proceedings before an Immigration Judge generally may not seek adjustment of status as a form of relief from removal. *Id.* at 27,587. Therefore, in 1997 the Attorney General established a rule, which was then codified at 8 C.F.R. § 245.1(c)(8)—and was subsequently included in the regulations at 8 C.F.R. § 1245.1(c)(8) in 2003—providing that an arriving alien placed in removal proceedings was ineligible for adjustment of status. *Id.* (citing Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,326-27 (Mar. 6, 1997)); *see also supra* note 1.

At the same time, a regulation regarding jurisdiction over adjustment of status applications was promulgated. *See* 62 Fed. Reg. at 10,383. That regulation was codified at 8 C.F.R. § 245.2(a)(1) (1998) and provided in pertinent part as follows:

> *Jurisdiction.* An alien who believes he or she meets the eligibility requirements of section 245 of the Act or section 1 of the [Cuban Adjustment Act] and § 245.1 shall apply to the director having jurisdiction over his or her place of residence unless otherwise instructed in 8 C.F.R. part 245, or by the instruction on the application form. After an alien, other than an arriving alien, is in deportation or removal proceedings, his or her application for adjustment of status under section 245 of the Act or section 1 of the [Cuban Adjustment Act] shall be made and considered only in those proceedings. An arriving alien, *other than an alien in removal proceedings*, who believes he or she meets the eligibility requirements of section 245 of the Act or section 1 of the [Cuban Adjustment Act] and § 245.1 shall apply to the director having jurisdiction over his or her place of arrival.

(Emphasis added.) The regulation also created one exception to this jurisdictional rule for certain aliens who had applied for adjustment of status while in the United States, traveled abroad, and returned pursuant to a grant of advance parole, and whose adjustment application had subsequently been

---

[3] The functions of the Immigration and Naturalization Service were transferred to the Department of Homeland Security pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. The transfer occurred on March 1, 2003. *See Matter of D-J-*, 23 I&N Dec. 572, 573 n.1 (A.G. 2003).

denied by the district director.  8 C.F.R. § 245.2(a)(1)(i)-(ii).  Only aliens applying for adjustment in these limited circumstances could renew an application in removal proceedings.

In *Matter of Artigas*, *supra*, the Government argued that the jurisdictional regulation at 8 C.F.R. § 245.2(a)(1), in conjunction with the ineligibility provision in 8 C.F.R. § 245.1(c)(8), precluded arriving aliens placed in removal proceedings from pursuing adjustment of status under the Cuban Adjustment Act.  We rejected this position, holding that an Immigration Judge has jurisdiction to adjudicate an application for adjustment of status under the Cuban Adjustment Act in removal proceedings when a Cuban alien has been charged as an arriving alien without a valid visa or entry document.  In reaching this conclusion, we noted that once removal proceedings were commenced, an arriving alien was effectively precluded from submitting an application for relief under the Cuban Adjustment Act to the district director, because at that time the regulations specifically provided that "'[a]n arriving alien, *other than an alien in removal proceedings*, who believes he or she meets the eligibility requirements of section 245 of the Act or section 1 of the Act of November 2, 1966, and § 245.1 shall apply to the [district] director having jurisdiction over his or her place of arrival.'"  *Id.* at 105 (quoting 8 C.F.R. § 245.2(a)(1)).  Thus, we held that if the regulations were found to implicitly deprive an Immigration Judge of jurisdiction to consider applications for adjustment of status under the Cuban Adjustment Act by arriving aliens, that statutory form of relief would have effectively become meaningless.  *Id.*

To avoid this result, we concluded that Immigration Judges were granted jurisdiction, because the regulations specifically provided authority for arriving aliens to file an application for relief pursuant to the Cuban Adjustment Act.  *Id.* at 103 (citing 8 C.F.R. §§ 240.11(a)(1)[4] and 245.2(a)(1) (2001)).  We found no evidence that the Attorney General intended the post-IIRIRA amendments to the adjustment of status regulations to withdraw by implication the Immigration Judges' jurisdiction to adjudicate such applications for relief, over which they previously had exclusive jurisdiction.  *Id.* at 103-04.  Furthermore, because the Cuban Adjustment Act is a specific

---

[4] At that time, 8 C.F.R. § 240.11(a)(1) provided in pertinent part as follows:

> In a removal proceeding, an alien may apply to the immigration judge for . . . adjustment of status under section 1 of the Act of November 2, 1966 (as modified by section 606 of Pub. L. No. 104-208) . . . .  The application shall be subject to the requirements of § 240.20, and 8 C.F.R. parts 245 and 249.

This regulation was subsequently amended and redesignated as 8 C.F.R. § 1240.11(a)(1) in 2003.

grant of authority to adjust the status of Cubans who could not fulfill the requirements of section 245 of the Act, 8 U.S.C. § 1255 (1994 & Supp. V 1999), we determined that it must be considered separate and apart from adjustment of status under section 245. *Id.* at 106. Accordingly, we held that arriving aliens placed in removal proceedings could seek adjustment of status under the Cuban Adjustment Act before an Immigration Judge.

After the issuance of *Matter of Artigas*, *supra*, and prior to the 2006 regulatory amendments relied on by the DHS in support of this appeal, some courts of appeals held that 8 C.F.R. §§ 245.1(c)(8) and 1245.1(c)(8) were ultra vires under section 245(a) of the Act, which permits an application for discretionary adjustment of status by any alien who was "inspected and admitted or paroled." *Scheerer v. U.S. Att'y Gen.*, 445 F.3d 1311 (11th Cir. 2006); *Bona v. Gonzales*, 425 F.3d 663 (9th Cir. 2005); *Zheng v. Gonzales*, 422 F.3d 98 (3d Cir. 2005); *Succar v. Ashcroft*, 394 F.3d 8 (1st Cir. 2005). However, other courts held that the regulations constituted a valid exercise of the respective discretionary authority of the Attorney General and the Secretary of the DHS to grant or deny adjustment of status, even as applied to arriving aliens seeking adjustment of status in removal proceedings who were paroled into the United States. *Momin v. Gonzales*, 447 F.3d 447, *reh'g granted and opinion vacated*, 462 F.3d 497 (5th Cir. 2006); *Mouelle v. Gonzales*, 416 F.3d 923 (8th Cir. 2005), *cert. granted and judgment vacated*, 548 U.S. 901 (2006).

In light of this split of authority, the Attorney General and the Secretary of the DHS amended the regulations in 2006 to eliminate 8 C.F.R. §§ 245.1(c)(8) and 1245.1(c)(8) to avoid inconsistent application of the adjustment of status laws. *See* 71 Fed. Reg. at 27,587 (Supplementary Information). The regulations at 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1) were also amended to clarify which Departmental component has jurisdiction to adjudicate adjustment applications for arriving aliens who have been paroled into the United States and placed in removal proceedings. *Id.* The new regulations at 8 C.F.R. § 245.2(a)(1) thus provide that the United States Citizenship and Immigration Services ("USCIS") generally has exclusive jurisdiction to adjudicate adjustment applications of arriving aliens. The only exception to this rule arises when an alien who leaves the United States while an adjustment application is pending with the USCIS returns pursuant to a grant of advance parole and is placed in removal proceedings. 8 C.F.R. §§ 1245.2(a)(1)(ii)(A)-(D). In such circumstances, an Immigration Judge would have jurisdiction to adjudicate the alien's renewed adjustment application in removal proceedings if the application has been denied by the USCIS. *Id.*; *see also* 71 Fed. Reg. at 27,587-88 (Supplementary Information).

As a result of these amendments, the DHS contends that Immigration Judges no longer have jurisdiction in removal proceedings to consider adjustment of

status applications filed by arriving aliens who are seeking benefits under the Cuban Adjustment Act. The DHS argues that our concern in *Matter of Artigas*, *supra*, with preserving such relief in removal proceedings for arriving Cuban aliens has now been resolved with the 2006 amendments to 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1). In the DHS's view, the regulations have effectively superseded *Matter of Artigas* by conferring on the USCIS jurisdiction over an application for adjustment of status filed by "any" alien, and by eliminating the jurisdiction of Immigration Judges over "any" adjustment application filed by an arriving alien, with the above-noted limited exception.

We agree with the DHS's argument. The language of the new regulatory scheme is clearer than that of the former regulations, which made only an oblique reference to an Immigration Judge's jurisdiction over arriving aliens seeking adjustment under the Cuban Adjustment Act. Furthermore, if the Attorney General had intended to exempt Cuban Adjustment Act cases from the new regulatory scheme, it would have been a simple matter to include such an exception in the regulations. Now that the amended regulations assure that arriving aliens who are eligible for relief under the Cuban Adjustment Act can file an adjustment application with the USCIS, we see no reason not to afford the term "any" its full and natural meaning. *See Ali v. Federal Bureau of Prisons*, 128 S. Ct. 831, 835-36 (2008) (broadly construing the term "any"). *See generally K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291-92 (1988); *Matter of N-B-*, 22 I&N Dec. 590, 592 (BIA 1999) (regarding the rules of statutory and regulatory construction). In other words, there is no longer a need to ascribe a different meaning to the regulatory language to avoid depriving all arriving aliens seeking relief under the Cuban Adjustment Act in removal proceedings of a statutory avenue to adjust their immigration status. Although adjustment under that statute is considered "separate and apart from adjustment of status under section 245 of the Act," *Matter of Artigas*, *supra*, at 106, the intent of Congress in enacting the Cuban Adjustment Act is still honored, because arriving aliens may now seek this form of relief before the USCIS, whether or not they are in removal proceedings, and whether or not they are under an order of removal.

Accordingly, we will sustain the DHS's appeal and vacate the Immigration Judge's decision granting the respondent's application for adjustment of status under the Cuban Adjustment Act for lack of jurisdiction. The respondent may now elect to file an application with the USCIS. The record will be remanded to the Immigration Judge to give the respondent an opportunity to pursue any other relief from removal for which he may be eligible.

**ORDER:** The appeal of the Department of Homeland Security is sustained, and the decision of the Immigration Judge is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.