[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15301
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

Agency No. A022-799-757

GUILLERMO BORGES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 17, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Guillermo Borges, a native and citizen of Cuba, through counsel, petitions for review of the Board of Immigration Appeals's ("BIA") decision, vacating the immigration judge's ("IJ") order for lack of jurisdiction. The BIA found that the IJ did not have jurisdiction because Borges was an arriving alien[1] seeking adjustment of status under the Cuban Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161 ("CAA"). We find that the BIA properly vacated the IJ's decision for lack of jurisdiction and affirm.

## I. BACKGROUND

Borges arrived in the United States on May 4, 1980 from Cuba and requested status as a Cuban refugee. He did not possess any valid immigrant or entry documents and he never petitioned to adjust his status to that of a permanent lawful resident. On November 7, 1984, Borges was convicted of grand theft and on February 26, 1986, he was convicted of petit theft.

Over twenty years later the Department of Homeland Security initiated removal proceedings against Borges, charging him under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an inadmissable alien due to his convictions for crimes of moral turpitude. Appearing before the IJ, Borges filed for waiver of

[1]"The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1001.1(q).

inadmissability under 8 U.S.C. § 1182(h), as well as an application for adjustment of status under the CAA. The IJ found Borges removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) and denied his application for adjustment of status because his crimes of moral turpitude rendered him ineligible. Further, the IJ found that he did not qualify for waiver of inadmissability because he did not have family members who would suffer extreme hardship upon his removal and the fifteen-year waiver did not apply to crimes of moral turpitude.

Borges appealed to the BIA. The BIA found that pursuant to a previous BIA ruling in *Matter of Martinez-Montalvo*, 24 I. & N. Dec. 778 (BIA 2009), the IJ did not have jurisdiction over Borges's application for adjustment of status or his waiver of inadmissability. Therefore, the BIA did not reach the substance of the IJ's order regarding Borges's request for a waiver of inadmissability. The BIA vacated the IJ's decision and ordered that Borges be removed to Cuba. Borges appeals the decision of the BIA.

## II. JURISDICTION

The question of whether the IJ had jurisdiction over Borges's application for adjustment of status is a question of law; thus, this court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). We have jurisdiction to review only the decisions of the BIA; the IJ's order is reviewed only to the extent that it is adopted by the BIA. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). In the present case,

the BIA vacated the IJ's order for lack of jurisdiction, so we only review the BIA's ruling concerning the jurisdiction of the IJ.

## III. STANDARD OF REVIEW

We review the BIA's legal determinations de novo. *See Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006). However, our review of the BIA's interpretation of the statutes it administers "is informed by the principle of deference articulated in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)." *Id.* (quotation omitted). Thus, we defer to the BIA's interpretation of the regulations governing its decision "if the interpretation . . . is reasonable and does not contradict the clear intent of Congress." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1243 (11th Cir. 2006) (citation omitted).

## IV. DISCUSSION

Pursuant to 8 C.F.R. § 245.2(a)(1), the United States Citizenship and Immigration Services ("USCIS") "has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 C.F.R. 1245.2(a)(1)." Pursuant to 8 C.F.R. § 1245.2(a)(1)(i), "[i]n the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to

4

adjudicate any application for adjustment of status the alien may file." However, the IJ may adjudicate an application for adjustment of status from an arriving alien if the alien meets four specific conditions. 8 C.F.R. § 1245(a)(1)(ii)(A)–(D). Borges does not qualify for review by the IJ under these conditions.

We have previously reviewed 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1) under the standards set out in *Chevron*, 467 U.S. at 842–45, 104 S. Ct. at 2781–83, and found that the regulations are valid interpretations of 8 U.S.C. § 1255(a). *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1251–52 (11th Cir. 2008).[2] Further, the BIA held in *Matter of Martinez-Montalvo*, 24 I. & N. Dec. 778, 783 (BIA 2009), that 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1) effectively divest the IJ of jurisdiction over arriving aliens' applications for adjustment of status unless they can meet the conditions of 8 C.F.R. § 1245.2(a)(1)(ii).

"To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341–42 (11th Cir. 2003) (per curiam). Adjustment of an alien's status

---

[2]"[T]he amended 8 C.F.R. § 1245.2(a)(1) reflects a reasonable construction of the statute's delegation of authority to the Attorney General," given that "the regulation appears fully consistent with the broader statutory framework governing adjustment applications, in which Congress has divided adjudication functions between [the Department of Justice] and [the Department of Homeland Security] and has authorized those departments to fill the gap as to specific application procedures." *Scheerer*, 513 F.3d at 1251–52. Thus, we held that "the Attorney General did not exceed his authority in promulgating the amended 8 C.F.R. § 1245.2(a)(1)" and 8 C.F.R. § 1245.2(a)(1) is not invalid. *Id.* at 1252.

is a discretionary form of relief. 8 U.S.C. § 1255(a). Likewise, waiver of inadmissibility under 8 U.S.C. § 1182(h) is a purely discretionary form of relief. *Garcia v. U.S. Att'y Gen.*, 329 F.3d 1217, 1224 (11th Cir. 2003). Borges "cannot prevail on his due process claim because he has no constitutionally protected interest in purely discretionary forms of relief." *Scheerer*, 513 F.3d at 1253.

Borges is an arriving alien and does not meet the conditions of 8 C.F.R. § 1245.2(a)(1)(ii). Therefore, the BIA properly ruled that the IJ did not have jurisdiction over his application for adjustment of status. Finally, because the IJ lacked jurisdiction over Borges's application for adjustment of status and application for a waiver of inadmissibility, the BIA did not violate Borges's due process rights by not considering the merits of the IJ's decision. Accordingly, upon review of the record and consideration of the parties' briefs, we deny Borges's petition for review.

**PETITION DENIED.**