# Matter of Francisco HERRERA DEL ORDEN, Respondent

*Decided September 13, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  When an alien in removal proceedings seeks "review" of the Department of Homeland Security's ("DHS") denial of a waiver under section 216(c)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(4) (2006), of the requirement to file a joint petition to remove the conditional basis of lawful permanent resident status, he or she may introduce, and the Immigration Judge should consider, any relevant evidence without regard to whether it was previously submitted or considered in proceedings before the DHS.

(2)  The scope of the review authority provided in 8 C.F.R. § 1216.5(f) (2011) is coterminous with the Immigration Judge's ordinary powers and duties in removal proceedings.

FOR RESPONDENT:  Adalicia C. Santaella, Esquire, San Juan, Puerto Rico

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Magdalena Ramos Romey, Assistant Chief Counsel

BEFORE:  Board Panel:  COLE, PAULEY, and WENDTLAND, Board Members.

WENDTLAND, Board Member:

In a decision dated June 11, 2008, an Immigration Judge reviewed the Department of Homeland Security's ("DHS") denial of the respondent's application under section 216(c)(4)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(4)(B) (2006), for a discretionary waiver of the requirement to file a joint Petition to Remove the Conditions on Residence (Form I-751) pursuant to 8 C.F.R. § 1216.5(f) (2011).  The Immigration Judge confined her review to the evidence that the respondent had previously presented to the DHS in support of the waiver request, before removal proceedings had commenced.  The Immigration Judge determined on the basis of this evidence that the DHS had properly denied the respondent's petition and waiver request as abandoned.  She issued an order granting the respondent voluntary departure, with an alternative order of removal.

On appeal, the respondent argues that the Immigration Judge should have admitted the new evidence that he presented in support of his request for a section 216(c)(4) waiver.  To the extent that this evidence was otherwise

relevant and probative, we agree that the Immigration Judge should have admitted and considered it without regard to whether it was previously submitted or considered in the proceedings before the DHS. Accordingly, the respondent's appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent became a conditional lawful permanent resident through marriage to a United States citizen. He subsequently filed a petition to remove the conditional basis of his lawful permanent resident status with the U.S. Citizenship and Immigration Services, an agency within the DHS. However, because the marriage had already ended in divorce, the respondent was unable to meet the requirements for a joint petition under section 216 of the Act. Consequently, in conjunction with the petition, the respondent requested a waiver of the general joint filing requirement under section 216(c)(4)(B) of the Act, claiming that he had entered into the now-terminated marriage in good faith.

The DHS sent the respondent a Notice of Action (Form I-797) requesting additional evidence documenting (1) the bona fides of the marriage and (2) the lawful dissolution of the marriage. To that point, the respondent had only submitted a photocopy of the front side of his conditional lawful permanent resident card. However, the respondent did not submit any additional evidence in response to the request, and as a result, the DHS denied the petition and waiver request as abandoned. These removal proceedings were subsequently initiated with the issuance of a Notice to Appear (Form I-862) charging that the respondent is removable under section 237(a)(1)(D)(i) of the Act, 8 U.S.C. § 1227(a)(1)(D)(i) (2006), based on the termination of his conditional permanent resident status.

The respondent conceded that he is removable as charged and sought to renew the section 216(c)(4)(B) waiver request, contending that it should be adjudicated on a record to be created during the hearing. However, the Immigration Judge concluded that 8 C.F.R. § 1216.5(f), the regulation allowing an alien to seek "review" in removal proceedings of the DHS's denial of a section 216(c)(4) waiver request, limited her inquiry to "whether or not the [DHS] acted correctly"—i.e., an appellate-style review for error.[1]

The respondent was seeking to present certain evidence that he had not previously submitted during the proceedings before the DHS, including

---

[1] The regulation states, in pertinent part, that "[n]o appeal shall lie from the decision of the director [of the pertinent regional service center]; however, the alien may seek review of such decision in removal proceedings." 8 C.F.R. § 1216.5(f).

a divorce certificate and testimony by the respondent's former spouse. But the Immigration Judge reasoned that if she received evidence that had not been previously presented to the DHS, she would be "trespassing on the agency's original jurisdiction." Thus, the Immigration Judge determined that the DHS had appropriately denied the respondent's section 216 petition and accompanying waiver request on the basis of his failure to respond to the request for additional evidence.

## II.  ISSUE

The issue in this case is whether 8 C.F.R. § 1216.5(f), which provides for "review" in removal proceedings of an application under section 216(c)(4) of the Act seeking a waiver of the general joint filing requirement for a petition to remove the conditional basis of lawful permanent resident status, restricts the Immigration Judge's ability to consider evidence that was not previously submitted or considered during the initial proceedings before the DHS.

## III.  ANALYSIS

Inasmuch as the governing regulation does not elaborate on the scope of the "review" for which it provides, we begin by considering the general form and structure of the procedures for adjudicating applications for relief in the context of removal proceedings. In exercising the powers and duties delegated by the Attorney General of the United States, Immigration Judges have broad authority over the manner in which they conduct proceedings, not only in cases where removability is at issue, but also in those where the alien seeks only relief from removal. *See generally Matter of K-A-*, 23 I&N Dec. 661, 664 (BIA 2004). In either case, an Immigration Judge must exercise his or her independent judgment and discretion and may take any action consistent with the Act and regulations that is appropriate and necessary for the disposition of such cases. 8 C.F.R. §§ 1003.10(b), 1240.1(a)(1)(iv) (2011). In particular, an Immigration Judge conducting removal proceedings has the authority to create and control the record of proceedings, receive and consider material and relevant evidence, question the alien and any other witnesses, issue subpoenas for the attendance of witnesses and the presentation of evidence, and generally take any action consistent with applicable law and regulations as may be appropriate. *See* section 240(b)(1) of the Act, 8 U.S.C. § 1229a(b)(1) (2006); 8 C.F.R. §§ 1003.10(b), 1003.36, 1240.1(a)(1)(iv), (c) (2011); *cf.* 8 C.F.R. § 1246.4 (2011) (stating the authority of Immigration Judges in proceedings to rescind adjustment of status).

The substantive forms of relief that may be sought are provided by statute, but the Immigration Judge's specific authority to adjudicate the various kinds of applications for relief is provided through implementing regulations.

*See, e.g.*, 8 C.F.R. § 1240.1(a)(1)(ii). It is not uncommon, on the one hand, for an alien to apply for relief from removal for the first time following the commencement of proceedings. For example, an application for cancellation of removal under section 240A of the Act, 8 U.S.C. § 1229b (2006 & Supp. III 2009), can only be made to an Immigration Judge after the initiation of proceedings. *See* 8 C.F.R. § 1240.20(b) (2011). But many other aliens in removal proceedings seek relief by renewing applications for immigration benefits that they had initially submitted outside the context of such proceedings.

With respect to some of these immigration benefits initially sought prior to the commencement of removal proceedings, the regulations provide for the initiation of proceedings upon the application's denial, as is the case here. 8 C.F.R. §§ 216.5(f), 1216.5(f) (2011); Marriage Fraud Amendments Regulations, 53 Fed. Reg. 30,011, 30,014 (Aug. 10, 1988) (Supplementary Information) ("The only forum in which an alien may seek review of the Service's decision to terminate his or her status is during a hearing before an immigration judge. For this reason, the regulations provide that the district director shall issue an Order to Show Cause (which initiates the deportation proceeding) whenever an alien's status is terminated."); *see also* 8 C.F.R. §§ 216.4(d)(2), 1216.4(d)(2) (2011) (similarly addressing the denial of a joint petition to remove the conditional basis of lawful permanent resident status for an alien spouse); *cf.* 8 C.F.R. §§ 208.14(c)(1), 1208.14(c)(1) (providing that the DHS shall "refer the application to an immigration judge" and initiate removal proceedings when the asylum officer declines to grant an affirmatively filed application for asylum and related relief); 240.70(d), 1240.70(d) (providing for referral of certain applications for suspension of deportation and special rule cancellation of removal by an asylum officer to the Immigration Court); 245.13(m)(1)(i), 1245.13(m)(1)(i) (providing for the initiation of removal proceedings following the denial of adjustment of status of certain nationals of Nicaragua and Cuba); 245.15(r)(2)(i), 1245.15(r)(2)(i) (2011) (providing for the initiation of removal proceedings following the denial of adjustment of status of certain Haitian nationals). In these cases, the regulations generally indicate that there is no direct appeal from the denial (or simply omit any mention of authorization of a direct appeal) but expressly preserve the alien's prerogative to "renew," "seek review of," or obtain an "adjudication" of the application in removal proceedings.

Further, there are some discrete procedures for adjustment of status where the regulations, although not expressly providing for the initiation of removal proceedings, state that there is no direct appeal from the application's denial except that the alien may "renew" the adjustment application in removal proceedings (subject to the restriction on arriving aliens adjusting status in proceedings). *See* 8 C.F.R. §§ 245.2(a)(5)(ii), (c), 1245.2(a)(5)(ii), (c), 245.20(k), 1245.20(k) (2011). In addition, an applicant for Temporary

Protected Status may have an opportunity to both appeal to the Administrative Appeals Unit and renew the application in removal proceedings. *See* 8 C.F.R. §§ 244.10, 1244.10 (2011). In contrast, the regulations describe comparatively few discrete immigration benefits for which the renewal or adjudication of the application in removal proceedings is expressly forbidden. *See* 8 C.F.R. §§ 245.11(h)(i), 1245.11(h)(i) (adjustment of aliens in S nonimmigrant classification); 245.21(c), 1245.21(c) (2011) (adjustment of status of certain nationals of Vietnam, Cambodia, and Laos).

The general rule, therefore, is that an alien may renew an application for an immigration benefit before an Immigration Judge in removal proceedings. Further, nothing in these regulations indicates that the Immigration Judge's ordinary power and duty to receive evidence into the record of proceeding and adjudicate an application for relief, as described above, is diminished or restricted when the application is renewed.

Here, the operative regulation does not literally provide for the "renewal" of the section 216(c)(4) waiver application in removal proceedings. Rather, 8 C.F.R. § 1216.5(f) states that in such proceedings the alien "may seek review" of the initial decision issued by the DHS. Nevertheless, the regulation sets forth no definition of "review," no explicit restriction on the evidence that the Immigration Judge may consider in reviewing a section 216(c)(4) waiver denial, and no other indicator of any intention to depart from the general procedures for receiving evidence pertinent to the adjudication of both removability and eligibility for relief, as described above.

We are mindful that, as a legal term, "review," even de novo review, customarily denotes an appellate-style review for error of the proceedings conducted by an underlying adjudicative body, and such review is typically confined to the evidentiary record presented for review on appeal. *See, e.g.*, *Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984) ("[A]ll evidence which is pertinent to determinations made during deportation proceedings . . . must be adduced in the hearing before the immigration judge. The Board is an appellate body whose function is to review, not to create, a record." (footnote omitted)). But nothing in the statutory and regulatory provisions defining the Immigration Judge's powers and duties endows the Immigration Judge with an appellate function. *See* section 240(b) of the Act; 8 C.F.R. §§ 1003.10(b), 1240.1. To the contrary, the regulations only provide that the Immigration Judge's decisions are subject to appellate review. *See* 8 C.F.R. § 1003.10(c). It is the Immigration Judge's function to create, not review, a record. Given the Immigration Judge's broad overall authority to conduct removal proceedings, we conclude that he or she is presumed to have jurisdiction to gather and receive evidence pertinent to an application for relief from removal unless the Attorney General expressly withholds

such jurisdiction or takes it away. *See, e.g.*, *Matter of Martinez-Montalvo*, 24 I&N Dec. 778 (BIA 2009) (finding that *Matter of Artigas*, 23 I&N Dec. 99 (BIA 2001), was superseded by regulations restricting the jurisdiction of Immigration Judges in the case of Cuban refugees seeking adjustment of status).

In addition to the powers and duties of the Immigration Judge, we must consider the rights and burdens of the respondent. A respondent in removal proceedings has the statutory right to a reasonable opportunity to present evidence on his or her own behalf. Section 240(b)(4)(B) of the Act; *see also* 8 C.F.R. § 1240.10(a)(4) (2011). It is also an alien's burden to prove eligibility for any requested relief from removal. Section 240(c)(4)(A) of the Act; 8 C.F.R. § 1240.8(d) (2011). Absent some specific provision that prohibits the introduction of new evidence before the Immigration Judge, we decline to potentially impair a respondent's ability to satisfy this burden of proof by limiting the right to present evidence on his or her behalf in support of an application for a waiver under section 216(c)(4) of the Act.[2]

Further, it is generally not practicable or prudent for an Immigration Judge to limit his or her review to the decisions made by the DHS prior to the initiation of removal proceedings. As the Attorney General noted in providing the Board with full de novo review over similar kinds of decisions made by the former Immigration and Naturalization Service, "[T]hese decisions are made on applications and interviews, and other information available to the Service." *See* Board of Immigration Appeals: Procedural Reforms To Improve Case Management, 67 Fed. Reg. 54,878, 54,891 (Aug. 26, 2002) (Supplementary Information). The DHS's decisions are not transcribed, except perhaps in rare instances. In contrast, the removal proceedings conducted by the Immigration Judge are recorded and, if necessitated by an appeal, transcribed. *See* 8 C.F.R. § 1003.28 (2011). Therefore the administrative record generated by the DHS's denial of an application for an immigration benefit does not provide the same reliability and reviewability as the record created and maintained by the Immigration Judge in a removal proceeding. *See* 8 C.F.R. § 1003.36.

In view of the foregoing, the use in the governing regulation of the word "review" does not suffice to persuade us that the promulgators of the regulation intended to exempt section 216(c)(4) waiver applications from the broadly applicable procedures for gathering and receiving evidence in removal proceedings generally.

---

[2] We would reach the same conclusion were the DHS seeking to present evidence in removal proceedings that was not previously submitted to or considered by the DHS outside of such proceedings.

## IV. CONCLUSION

We conclude that during the course of review in removal proceedings of an alien's application under section 216(c)(4) of the Act for a waiver of the general joint filing requirement for a petition to remove the conditions on his or her lawful permanent resident status, the alien may introduce, and the Immigration Judge should consider, material and relevant evidence without regard to whether it was previously submitted or considered in proceedings before the DHS. The scope of the "review" authority provided to the Immigration Judge in 8 C.F.R. § 1216.5(f) is coterminous with his or her ordinary powers and duties in removal proceedings. Accordingly, the respondent's appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

**ORDER:** The appeal is sustained and the decision of the Immigration Judge is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.