FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO LEONARDO RODRIGUEZ-
GUTIERREZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-70323

Agency No. A091-781-996

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Antonio Leonardo Rodriguez-Gutierrez, a native and citizen of Mexico,

petitions pro se for review of an order of the Board of Immigration Appeals

("BIA") dismissing his appeal from an order of removal of an immigration judge

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("IJ") and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for an abuse of discretion the BIA's denial of a motion to remand and review de novo questions of law. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061-62 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA correctly concluded that Rodriguez-Gutierrez was statutorily ineligible for a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1996) (repealed), because he had never been lawfully admitted for permanent residence in the United States by reason of the fact that he had erroneously acquired permanent residency in 1989 through an amnesty program for which his 1984 felony conviction rendered him statutorily ineligible. *See id.* § 1255a(a)(4)(B) (excluding from eligibility for adjustment of status through amnesty any alien who has been convicted of any felony); *Segura v. Holder*, 605 F.3d 1063, 1066-67 (9th Cir. 2010) (holding that an alien who was ineligible for lawful permanent residence at the time of acquisition of that status has not been lawfully admitted as a permanent resident and is consequently ineligible for section 212(c) relief).

The BIA also correctly concluded that the IJ lacked jurisdiction to adjudicate Rodriguez-Gutierrez's application for adjustment of status in conjunction with a

waiver of inadmissibility under section 212(h) of the INA, 8 U.S.C. § 1182(h), because Rodriguez-Gutierrez was an arriving alien, *see Bona v. Gonzales*, 425 F.3d 663, 667 (9th Cir. 2005), and he did not return to the United States through a grant of advanced parole in order to pursue a previously filed application for adjustment of status, as is required to trigger the IJ's jurisdiction over adjustment applications filed by arriving aliens in removal proceedings, *see Matter of Silitonga*, 25 I. & N. Dec. 89, 92 (BIA 2009); 8 C.F.R. § 1245.2(a)(1)(ii)(A)-(B). In light of this disposition, we need not consider whether Rodriguez-Gutierrez is statutorily eligible for adjustment of status. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

Rodriguez-Gutierrez's claim that the IJ violated his right to due process by not conducting a hearing on the merits of his applications for relief is unavailing because he has not shown that he was statutorily eligible for the relief requested and consequently cannot establish that the IJ's refusal caused him to suffer any prejudice. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Furthermore, the BIA properly exercised its discretion by denying Rodriguez-Gutierrez's informal motion to remand because he did not tender any evidence to establish his eligibility for the relief that he would seek in remanded

proceedings before the IJ. *See Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per curiam).

To the extent that Rodriguez-Gutierrez argued below or raised before this court that his 1984 conviction constituted neither a crime involving moral turpitude nor an aggravated felony, that the doctrine of estoppel precluded the DHS from charging him as an arriving alien, that the IJ should have considered his eligibility for cancellation of removal and voluntary departure, and that the IJ violated his right to equal protection, he has waived these contentions by failing to argue them in his opening brief to this court. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) ("Issues raised in a brief that are not supported by argument are deemed abandoned." (citation omitted)).

Finally, we lack jurisdiction to consider Rodriguez-Gutierrez's contention that the IJ should have conducted a separate hearing to rescind his status as a lawful permanent resident, because Rodriguez-Gutierrez did not exhaust his administrative remedies with respect to this claim. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-70323