Osmani Placensia HERNANDEZ,
also known as Luis Manuel
Quintana, Petitioner

v.

Jefferson B. SESSIONS, III,
U.S. Attorney General,
Respondent

No. 17-60076
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed February 22, 2018

Leah Spivey, Ware Immigration, Metairie, LA, for Petitioner

Rosanne M. Perry, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Osmani Placensia Hernandez, who claims to be a native and citizen of Cuba and who is not a United States citizen, seeks review of a decision of the Board of Immigration Appeals (BIA) affirming the denial by the immigration judge (IJ) of his application for asylum and withholding of removal and rejecting, for lack of jurisdiction, his application for adjustment of status under the Cuban Adjustment Act of 1966 (CAA), Pub. L. No. 89-732, 80 Stat.

1161, as amended. The IJ determined that Hernandez was severely, globally incredible and failed to prove his claimed Cuban nationality. Because the IJ's decision influenced the BIA's, we review both. *See Sealed Petitioner v. Sealed Respondent,* 829 F.3d 379, 383 (5th Cir. 2016).

We disagree with Hernandez that it is undisputed that he is a Cuban national, and we conclude that it was unnecessary for the BIA to remand the case to the IJ for a definitive determination of nationality. Hernandez cites no precedent of this circuit to support his remand argument but instead invites us to adopt the reasoning of *Urgen v. Holder,* 768 F.3d 269, 273-74 (2d Cir. 2014) (per curiam). *Urgen* is an inapt case that involved two possible persecutory countries. *See* 768 F.3d at 271, 273. By contrast, Hernandez's asylum application does not implicate any country but Cuba. Because in the instant case the sole country that Hernandez claims as his own is already known, a remand to the IJ was unnecessary. (That Hernandez invoked only Cuba does not, of course, prove that he is a citizen of that country.) Additionally, the Department of Homeland Security's selection of a country of removal in the instant case is final. *See* 8 C.F.R. §§ 241.15, 1241.15.

Hernandez does not otherwise address the IJ's negative credibility determination except to mention in terse and conclusory remarks that his account of the sequence of events was consistent and had an overall cohesiveness. This is an ineffectual challenge. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Garrido-Morato v. Gonzales,* 485 F.3d 319, 321 n.1 (5th Cir. 2007). Hernandez thus fails to show that no reasonable factfinder could make the adverse credibil-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ity ruling made by the IJ regarding his claim of Cuban citizenship. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009).

We reject also the claim that the IJ had jurisdiction to adjust Hernandez's status under the CAA. We do not consider arguments incorporated by reference. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). And the arguments actually set forth in Hernandez's brief are unpersuasive.

By regulation, an IJ lacks jurisdiction over any adjustment of status application of an arriving alien, except in the case of an arriving alien who leaves the United States and returns under a grant of advance parole to pursue a previously filed application. *See* 8 C.F.R. § 1245.2(a)(1); *see also Matter of Martinez-Montalvo*, 24 I. & N. Dec. 778, 778-83 (B.I.A. 2009). Hernandez does not contend that he left the United States and returned under a grant of advance parole or that he pursues a previously filed application. He argues instead that the BIA was mistaken in holding that a CAA application comes within the embrace of § 1245.2(a)(1). Although Hernandez refers to regulatory comments that, in his view, indicate that the regulation is limited to applications under 8 U.S.C. § 1255, he provides no citation for the comments on which he relies. *See* Fed. R. App. P. 28(a)(8). Hernandez's counseled brief is not entitled to liberal construction, *see Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (per curiam), and it fails to brief the issue adequately, *see United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

To the extent that Hernandez may be understood to claim that § 1245.2(a)(1) was beyond the authority of the Attorney General, his conclusory assertions do not constitute proper briefing. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Garrido-Morato*, 485 F.3d at 321 n.1; *Charles*, 469 F.3d at

408. Hernandez thus fails to show that the BIA erred in its ruling that the IJ had no authority to adjudicate his CAA application for adjustment of status.

PETITION DENIED.