[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11084
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22737-DLG

AARON CAMACHO PEREZ,

Plaintiff-Appellant,

versus

U.S. BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES (USCIS),
U.S. ATTORNEY GENERAL,
SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY (DHS),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 19, 2014)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Aaron Camacho Perez appeals the dismissal of his complaint, challenging a determination of the United States Citizenship and Immigration Services ("USCIS") that he was statutorily ineligible to adjust status under the Cuban Adjustment Act of 1966.  We reverse and remand.

## I. BACKGROUND

A. Underlying Immigration Proceedings

In November 2004, Perez, a native and citizen of Venezuela and citizen of Cuba, applied for admission to the United States at Laredo, Texas, by presenting a Cuban birth certificate; he also requested asylum.  He attested he had been born in Cuba and had moved to Venezuela with his mother, when he was three years old. An immigration inspector determined Perez was inadmissible under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), because he did not have a valid entry document.

In June 2007, Perez applied to adjust his status under the Cuban Adjustment Act of 1966 ("CAA"), Pub. L. No. 89-732, 80 Stat. 1161 (reproduced as a historical note to Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255).  In his application, Perez said he was a Cuban citizen and national.  His submitted birth certificate stated Perez had been born in Cuba.  In April 2009, USCIS denied Perez's application and found he was inadmissible under

2

§ 1182(a)(6)(C)(i), because the birth certificate he had provided had been fraudulently obtained, and he had been born in Venezuela.

Also in April 2009, Perez was issued a Notice to Appear, which identified him as an "arriving alien" and charged him with removability under §§ 1182(a)(6)(C)(i) and (a)(7)(A)(i)(I). ROA at 35. An affidavit by a USCIS officer stated a hearing before an immigration judge ("IJ") was held in Perez's case in October 2010.[1] The IJ "made a finding regarding the respondent sustaining the fraud charge." ROA at 99. In November 2010, the IJ ordered Perez removed to Cuba, or alternatively to Venezuela. The order stated an appeal had been waived. ROA at 43.

In March 2011, Perez again filed an application to adjust status under the CAA. He submitted a Cuban civilian registered birth certificate dated February 23, 2011, which showed Perez had been born in Venezuela, and both of his parents had been born in Cuba. In April 2012, Perez filed an application for a waiver of inadmissibility.

USCIS denied Perez's second adjustment-of-status application in May 2012 and reiterated he was inadmissible under § 1182(a)(6)(C)(i), because of the fraudulent Cuban birth certificate he had submitted with his June 2007 application. USCIS denied Perez's application for a waiver of inadmissibility for lack of

---

[1] Appellees represent no transcript was made of Perez's hearing before the IJ.

3

evidence of extreme hardship.  In July 2012, Perez filed a motion to reopen or reconsider.  USCIS denied this motion in April 2013, since Perez had not shown how his family would suffer extreme hardship, plus his failure to show why his current country conditions would inhibit him and his family from returning.

B. District Court Complaint

In July 2013, Perez filed a complaint against (1) the USCIS Miami District Director, (2) the Unitd States Attorney General, and (3) the Secretary of the Department of Homeland Security ("DHS").  His complaint challenged the USCIS determination he was statutorily ineligible to adjust status under the CAA.  USCIS had based its decision on its determination that Perez was inadmissible under INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), because he had presented a fraudulent Cuban birth certificate supporting his CAA application.  Perez asserted the district judge had jurisdiction to grant him mandamus relief, under 28 U.S.C. §§ 1331 and 1361, and relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., and the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

Appellees moved to dismiss Perez's complaint for lack of subject-matter jurisdiction and failure to state a claim.  ROA 70; *see* Fed. R. Civ. P. 12(b)(1), (6).  They argued the district judge lacked jurisdiction, because Perez had failed to exhaust his administrative remedies, and the DJA independently did not confer

jurisdiction on the judge.  Appellees' failure-to-state-a-claim argument was limited to Perez's request for mandamus relief.

C. Resolution of Motion to Dismiss Complaint in District Court

In opposing appellees' motion to dismiss his complaint, Perez argued the judge had jurisdiction over his claims under both the APA and the DJA, in conjunction with 28 U.S.C. § 1331, federal-question jurisdiction.  Perez further argued review was not precluded under the INA, because he did not seek review of an order of removal or of any facts found during removal proceedings.  Instead, he sought to challenge the USCIS original eligibility determination, which he asserted was unrelated to and independent of the IJ's findings.  Moreover, Perez contended decisions made by the IJ in his removal proceedings were not legally binding on USCIS in its second eligibility decision in 2012.  Perez further asserted the INA did not deprive the district judge of jurisdiction over nondiscretionary threshold determinations of eligibility for adjustment of status, for which the APA provided a remedy.

Perez also contended he had exhausted his administrative remedies, because applicable regulations barred an appeal of denial by USCIS of his adjustment-of-status application.  Given Perez's Cuban descent and arriving-alien status, he could not renew his CAA application in removal proceedings.  He argued no other outlet

5

remained for review of his statutory-eligibility claim or adjustment-of-status application.

Appellees replied Perez's "self-inflicted predicament" arose from his waiver of previously available remedies. ROA at 139. Appellees further argued Perez was collaterally estopped from relitigating the IJ's fraud determination. Appellees' reply brief did not address their prior request that the judge dismiss Perez's complaint for failure to state a claim.

The district judge granted appellees' motion to dismiss. The judge concluded he lacked jurisdiction over Perez's complaint, because Perez had failed to exhaust his available administrative remedies by waiving his appeal of the inadmissibility determination, and by choosing not to seek reopening or reconsideration of the IJ's November 2010 fraud determination. Consequently, the judge determined Perez's claim was not ripe and dismissed it without prejudice. The judge further concluded Perez had failed to state a claim for mandamus relief, because whether to grant adjustment of status is a purely discretionary decision. Perez could not evade the exhaustion requirement by seeking review under the Mandamus Act, the APA, or the DJA.

On appeal, Perez argues only USCIS, and not the IJ, had jurisdiction to adjust his status under the CAA, because he has remained an "[a]rriving [a]lien." Appellant's Br. at 18. Perez contends USCIS made its independent findings both

6

before and after the IJ upheld the USCIS 2009 determination and is not bound by the IJ's findings. Perez asserts USCIS also has the authority to correct its 2009 decision because of newly obtained evidence, and the district judge may remand with instructions to do so.

Perez further argues he has exhausted his administrative remedies with USCIS, since its 2009 and 2011 eligibility decisions are both administratively final. He contends the district judge erroneously classified as a discretionary finding by USCIS that Perez was statutorily ineligible to adjust his status. Because USCIS is the only adjudicative body empowered to rule on Perez's application, he asserts his failure to seek an appeal with the Board of Immigration Appeals ("BIA") of the IJ's decision has no bearing on the district judge's authority to review the USCIS finding. Appellees responded (1) Perez had failed to state a claim for which relief could be granted, and (2) collateral estoppel barred review by the judge of the IJ's finding that Perez is inadmissible, because he had submitted a fraudulent birth certificate in support of his requests for relief.

## II. DISCUSSION

A. Abandoned Claims

Any arguments Perez may have had regarding the district judge's dismissal of his request for mandamus relief for failure to state a claim for which relief could be granted and any claims under the DJA, he has abandoned by failing to raise

7

them on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (recognizing a litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal).  Consequently, the only remaining issue on appeal is the judge's determination he lacked jurisdiction over Perez's claim under the APA, because of  Perez's failure to exhaust available administrative remedies.

B. Applicability of APA

We review a district judge's granting a motion to dismiss de novo, accept the allegations in the complaint as true, and construe them in the light most favorable to the plaintiff.  *See Timson*, 518 F.3d at 8.  When evaluating a dismissal for lack of subject-matter jurisdiction, we review the judge's legal conclusions de novo and his factual findings for clear error.  *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012).

The APA provides: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  The APA further states "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  *Id.* § 704.  An agency action is final when two conditions are met: (1) "the action must mark the consummation of the agency's decision-making

process[]—it must not be of a merely tentative or interlocutory nature"; and (2) "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1145 (11th Cir. 2009) (per curiam) (citation and internal quotation marks omitted).  A reviewing judge shall "compel agency action unlawfully withheld or unreasonably delayed" and set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(1), (2)(A).

Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiciton.  *See Califano v. Sanders*, 430 U.S. 99, 105-07, 97 S. Ct. 980, 984-85 (1977).  The APA, however, expressly excepts review under its provisions where "statutes preclude judicial review," or "agency action is committed to agency discretion by law."  5 U.S.C. § 701(a).

The CAA provides:

Notwithstanding the provisions of [INA § 245(c), 8 U.S.C. § 1255(c)], the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least one year, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

9

CAA § 1.

The INA eliminates review by any court of discretionary decisions or actions of the Attorney General or DHS Secretary.[2] *Mejia Rodriguez*, 562 F.3d at 1143 (citing INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii)).  The ultimate decision whether to grant adjustment of status under the CAA is discretionary.  *See* CAA § 1.  USCIS initial statutory-eligibility decisions, which are made before the discretionary decision whether to grant adjustment of status, are purely legal questions that do not implicate agency discretion.[3]  *See Mejia Rodriguez*, 562 F.3d at 1143-44.

The INA also eliminates judicial review of "any judgment regarding the granting of relief under [INA § 245, 8 U.S.C. § 1255]."  INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i).  Adjustment of status typically is sought under § 1255(a).  *See* INA § 245(a), 8 U.S.C. § 1255(a).  An exception to the INA jurisdiction-stripping provision appears in § 1252(d), which permits judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

---

[2] USCIS is an agency within DHS. *See Toro v. Sec'y, U.S. Dep't of Homeland Sec.*, 707 F.3d 1224, 1229 n.2 (11th Cir. 2013).

[3] While the language of the INA gives authority to adjust status to the Attorney General, Congress has allocated jurisdiction over adjustment applications to both DHS (and its delegate in USCIS) and the Department of Justice. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1251 & n.6 (11th Cir. 2008) (citing 6 U.S.C. §§ 271(b)(5), 557; INA § 103(g)(1), 8 U.S.C. § 1103(g)(1)).

Immigration regulations provide "[n]o appeal lies from" denial by USCIS of an application to adjust status under the CAA.  8 C.F.R. §§ 245.2(a)(5)(iii), 1245.2(a)(5)(iii).  An applicant may, however, renew his application in removal proceedings, unless he is an "arriving alien."  *See id.* §§ 245.2(a)(5)(iii), 1245.2(a)(5)(iii).  If the applicant is an arriving alien, then the IJ lacks jurisdiction to decide any adjustment-of-status application unless, among other things, the applicant departed from and returned to the United States pursuant to the terms of a grant of advance parole to pursue a previously filed adjustment-of-status application.  *See id.* § 1245.2(a)(1)(ii); *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1248-49 & n.4 (11th Cir. 2008); *see also In re Martinez-Montalvo*, 24 I. & N. Dec. 778, 782 (BIA 2009) ("[USCIS] generally has exclusive jurisdiction to adjudicate adjustment applications of arriving aliens.  The only exception to this rule arises when an alien who leaves the United States while an adjustment application is pending with the USCIS returns pursuant to a grant of advance parole and is placed in removal proceedings.").  The term "arriving alien" includes (1) aliens paroled, but not admitted, into the United States, *see Scheerer*, 513 F.3d at 1247-48 & nn.1-2, and (2) inadmissible aliens charged with removal under § 1182, *see Dormescar v. U.S. Att'y Gen.*, 690 F.3d 1258, 1265 (11th Cir. 2012).

Appellees do not challenge Perez's status as an "arriving alien."  Given that status, the IJ lacked jurisdiction to adjudicate or to readjudicate Perez's application

11

for adjustment of status under the CAA, regardless of whether the IJ may have purported to have done so. *See* 8 C.F.R. §§ 245.2(a)(5)(iii), 1245.2(a)(1)(ii), (a)(5)(iii). Neither party has identified any other avenue through which Perez could have sought review of the USCIS determination he was statutorily ineligible for adjustment of status under the CAA. *See id.* §§ 245.2(a)(5)(iii), 1245.2(a)(1)(ii), (a)(5)(iii). The USCIS decision finally determined Perez's statutory eligibility for CAA relief; that decision was a final agency action for purposes of the APA. *See* 5 U.S.C. § 704; *Mejia Rodriguez*, 562 F.3d at 1145-46 (concluding the district judge had jurisdiction under the APA to review the decision of the USCIS Administrative Appeals Office ("AAO") that plaintiff was statutorily ineligible for Temporary Protected Status under INA § 244A, 8 U.S.C. § 1254a, because plaintiff was unable to seek de novo review of that decision before an IJ).

Since the IJ lacked jurisdiction to readjudicate the USCIS initial CAA-eligibility determination, *see* 8 C.F.R. §§ 245.2(a)(5)(iii), 1245.2(a)(1)(ii), (a)(5)(iii), it follows the BIA also lacked jurisdiction. Because the BIA lacked authority to review the USCIS CAA-eligibility determination, Perez had exhausted his administrative remedies prior to commencing his proceedings before the IJ. Consequently, the district judge erred when he determined Perez's failure to

12

exhaust available administrative remedies deprived him of jurisdiction over Perez's complaint.

C. Possible Jurisdiction-Stripping Provisions

Although the CAA appears as a historical note to § 1255, it does not state whether it is part of § 1255 or a wholly separate statute.  If it is part of § 1255, then any judicial review of the USCIS CAA-eligibility determination is precluded by § 1252(a)(2)(B)(i).  *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i) (stating that "no court shall have jurisdiction to review" "*any* judgment regarding the granting of relief under [§ 1255]" (emphasis added)).  If the CAA is not part of § 1255, then § 1252(a)(2)(B)(i) does not bar judicial review of this determination. *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i).[4]

The BIA has held the CAA is not part of § 1255.  *See In re Artigas*, 23 I. & N. Dec. 99, 104-06 (BIA 2001) (en banc) (concluding (1) the CAA "must . . . be considered separate and apart from adjustment of status under section 245 of the Act," [8 U.S.C. § 1255], and (2) a prior version of 8 C.F.R. § 245.1(c), which rendered certain aliens ineligible to adjust status "under section 245 of the Act," therefore did not bar such aliens from seeking relief under the CAA), *superseded*

---

[4] Notably, *Mejia Rodriguez* addressed a request for relief under INA § 244A, 8 U.S.C. § 1254a, which is not covered by the jurisdiction-stripping provision in § 1252(a)(2)(B)(i). *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); *Mejia Rodriguez*, 562 F.3d at 1140-43 & nn.4-6, 1146.

13

*on other grounds as recognized in Martinez-Montalvo*, 24 I. & N. Dec. at 783.[5]

The first sentence of the CAA supports this conclusion. *See* CAA § 1 (explaining

its provisions apply "[n]otwithstanding the provisions of section 245(c) of the

Immigration and Nationality Act, [8 U.S.C. § 1255(c)]"); *see also Martinez-*

*Montalvo*, 24 I. & N. Dec. at 783; *In re Artigas*, 23 I. & N. Dec. at 104-06.

Accordingly, we defer to the BIA's determination that the CAA is not part of

§ 1255. *See Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1172 (11th Cir. 2012)

(explaining, although we review the BIA's statutory interpretation de novo, we

defer to the BIA's interpretation of a statute, if it is reasonable and does not

contradict the clear intent of Congress).

The parties have identified no authority addressing whether 8 C.F.R.

§§ 245.2(a)(5)(iii) and 1245.2(a)(5)(iii), which preclude any "appeal" from denial

by USCIS of an application to adjust status under the CAA, divest a district judge

of jurisdiction to review an initial statutory-eligibility determination by USCIS

under the APA. *See* 5 U.S.C. § 701(a)(1) (stating the APA does not apply where

"statutes preclude judicial review"). The more natural reading of

§§ 245.2(a)(5)(iii) and 1245.2(a)(5)(iii) supports the conclusion that the term

"appeal" applies only to internal agency appellate review, given (1) appeals from

---

[5] In *Martinez-Montalvo*, the BIA confirmed its conclusion in *In re Artigas* that adjustment under the CAA is "separate and apart from" adjustment under § 1255. *See Martinez-Montalvo*, 24 I. & N. Dec. at 783 (internal quotation marks omitted).

USCIS decisions generally lie in the AAO, *see, e.g.*, *Mejia Rodriguez*, 562 F.3d at 1140, and (2) a complaint filed in district court under the APA is not an appeal but an independent action, *see* 5 U.S.C. §§ 702-703; Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). *Cf. Mejia Rodriguez*, 562 F.3d at 1145 n.16 (explaining "the APA explicitly requires exhaustion of all *intra-agency* appeals mandated either by statute or by agency rule" (emphasis added) (citation and internal quotation marks omitted)). We conclude neither INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), nor 8 C.F.R. §§ 245.2(a)(5)(iii) and 1245.2(a)(5)(iii), bar an alien from seeking review before a district judge of the USCIS legal determination that the alien is statutorily ineligible to adjust status under the CAA.

The doctrine of collateral estoppel, or issue preclusion, bars a judge from re-litigating an issue when the identical issue has been litigated between the same parties, and the matter was litigated fully and determined in a proceeding that resulted in a final decision of a court of competent jurisdiction. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1291 (11th Cir. 2009). The IJ did not have jurisdiction to review the USCIS CAA-eligibility determination. *See* 8 C.F.R. §§ 245.2(a)(5)(iii), 1245.2(a)(1)(ii), (a)(5)(iii). Contrary to appellees' contention, any determination the IJ may have purported to have made on this issue has no preclusive effect in this proceeding. *See Aldana*, 578 F.3d at 1291.

D. Alternative Grounds for Affirmance

Appellees arguing we alternatively may affirm the dismissal of Perez's APA-federal-question claim, because he failed to state a claim for which relief may be granted, is unavailaing.  Appellees' failure-to-state-a-claim argument before the district judge was limited to Perez's request for mandamus relief, which is not at issue in this appeal.  The district judge should have the initial opportunity to address this issue, following an opportunity for briefing by both parties.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (explaining we generally will not consider an issue that was not presented to the district judge).

## III. CONCLUSION

We reverse the district judge's dismissal for lack of subject-matter jurisdiction, because of failure to exhaust administrative remedies, and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**