[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14948
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-21828-DPG


LUIS ENRIQUE DANIEL,

Plaintiff-Appellant,

versus

ANOUCHKA CASTRO,
USCIS Miami Field Office Director,
U.S. ATTORNEY GENERAL,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 19, 2016)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Luis Daniel, a Cuban citizen and native, filed this lawsuit under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, the Declaratory Judgment Act, 28 U.S.C. § 2201, and 28 U.S.C. § 1331, requesting judicial review of a decision of the United States Citizenship and Immigration Service (the "Service") regarding his application for adjustment of status under the Cuban Refugee Adjustment Act ("CAA"), Pub. L. No. 89-732, 80 Stat. 1161, § 1 (codified as amended at 8 U.S.C. § 1255, historical note). The Service denied Daniel's CAA application because, although he was statutorily eligible for adjustment of status, significant adverse factors were present "which show[ed] that discretion should not be exercised in [his] favor." Thereafter, Daniel timely filed a motion for reconsideration, which the Service denied in a short, written decision.

In his complaint filed in federal district court, Daniel alleged that the Service committed procedural error in denying his motion for reconsideration, and he requested that his case be remanded to the Service for further consideration. Daniel specifically alleged that the Service failed to explain the basis for denying his motion for reconsideration, which, he asserted, was required by 8 C.F.R. § 103.3(a)(1)(i) ("When a Service officer denies an application or petition filed under § 103.2 of this part, the officer shall explain in writing the specific reasons for denial.").

2

The government[1] moved to dismiss the complaint on two grounds: (1) to the extent that Daniel was challenging the underlying discretionary denial of his CAA application, the district court lacked subject-matter jurisdiction because 8 U.S.C. § 1252(a)(2)(B)(ii) precluded review of immigration decisions committed to the discretion of the Attorney General or the Department of Homeland Security ("DHS") Secretary, and, by extension, the Service; and (2) Daniel's stand-alone procedural challenge, which the government did not dispute could be brought, was meritless because the Service adequately explained its reasons for denying Daniel's motion for reconsideration.  In response, Daniel conceded that review of the discretionary denial of his CAA application would be barred by § 1252(a)(2)(B)(ii) "[b]ecause Mr. Daniel's [CAA application] is under the purview of the Attorney General's discretion."  But, he asserted, the bar did not apply to his complaint because he was challenging only the Service's alleged procedural error in ruling upon his motion for reconsideration.

In granting the government's motion to dismiss, the district court found that Daniel, despite his claim to the contrary, was indirectly attempting to obtain review of the underlying discretionary denial of his CAA application, as well as the discretionary denial of his motion to reconsider.  His claim of procedural error, the court stated, was nothing more than a "game of semantics" aimed at circumventing

---

[1] We refer to the named defendants collectively as the "government."

3

the jurisdictional bar. Thus, the court dismissed the complaint for lack of subject-matter jurisdiction. In the alternative, the court found that, even if it exercised jurisdiction solely to review the alleged procedural error, Daniel failed to state a claim for which relief could be granted because the decision adequately complied with the procedural regulation relied upon by Daniel. Daniel now appeals.

We review *de novo* a district court's grant of a motion to dismiss, whether for lack of subject-matter jurisdiction or for failure to state a claim. *See Perez v. U.S. Bureau of Citizenship and Immigration Servs.,* 774 F.3d 960, 965 (11th Cir. 2014). To avoid dismissal for failure to state a claim, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1965, 1974 (2007).

The APA permits persons aggrieved by final agency action to obtain judicial review in federal court where "there is no other adequate remedy in a court."[2] *See* 5 U.S.C. §§ 702, 704. An agency action is final when the action both (1) marks the end of the agency's decision-making process and (2) determines rights or obligations or has legal consequences. *Perez*, 774 F.3d at 965. A reviewing court shall, among other things, set aside agency action found to be "arbitrary,

---

[2] "Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez*, 774 F.3d at 965.

4

capricious, an abuse of discretion, or otherwise not in accordance with law," or "without observance of procedure required by law."  5 U.S.C. § 706(2)(A), (D). However, the APA "expressly excepts review under its provisions where 'statutes preclude judicial review,' or 'agency action is committed to agency discretion by law.'"  *Perez*, 774 F.3d at 965 (quoting 5 U.S.C. § 701(a)).

This case implicates a question of first impression:  whether the jurisdictional bar on review of discretionary decisions of the Attorney General or the DHS Secretary, *see* 8 U.S.C. § 1252(a)(2)(B)(ii), applies to discretionary adjustment-of-status determinations under the CAA.  We discuss this issue briefly, but, ultimately, we need not and do not resolve the matter because the issue is not properly before us on appeal.

Cuban nationals may apply for and obtain adjustment of status under the CAA rather than 8 U.S.C. § 1255, the general statute governing adjustment-of-status decisions.[3]  Provided that the Cuban applicant meets the statutory-eligibility

---

[3] Section 1 of the CAA provides, in relevant part, as follows:

> Notwithstanding the provisions of [INA § 245(c), 8 U.S.C. § 1255(c)], the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least one year, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

requirements of the CAA, *see Toro v. Sec'y, U.S. Dep't of Homeland Sec.*, 707 F.3d 1224, 1228 (11th Cir. 2013) (listing these requirements), the Attorney General may, in her discretion, adjust the applicant's status to that of a permanent resident.[4] *Perez*, 774 F.3d at 965.

Under the Immigration and Nationality Act ("INA"), courts do not have jurisdiction to review "discretionary decisions or actions of the Attorney General or DHS Secretary." *Id.*; 8 U.S.C. § 1252(a)(2)(B)(ii).[5] Because the [t]he ultimate decision whether to grant adjustment of status under the CAA is discretionary," *Perez*, 774 F.3d at 965, section 1252(a)(2)(B)(ii) would appear to bar review of discretionary decisions under the CAA, an understanding shared by both parties before the district court. That statutory bar, in turn, would preclude review under the APA. *See* 5 U.S.C. § 701(a) (APA review not available where "statutes preclude judicial review").

Daniel argues, for the first time on appeal, that § 1252(a)(2)(B)(ii) applies to the INA only, not to the separate CAA. Daniel's argument hinges on the

---

[4] The Service is an agency within the DHS, and "[w]hile the language of the INA gives authority to adjust status to the Attorney General, Congress has allocated jurisdiction over adjustment applications to both DHS (and its delegate in USCIS) and the Department of Justice." *Perez*, 774 F.3d at 965 nn. 2 & 3.

[5] Section § 1252(a)(2)(B)(ii) provides, "Notwithstanding any other provision of law . . . , no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."

6

somewhat anomalous status of the CAA, which is codified in the U.S. Code as a "historical note" to § 1255. *See Perez*, 774 F.3d at 967; *Toro*, 707 F.3d at 1226. For § 1252(a)(2)(B)(ii) to apply, the authority for the decision must be "specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." "'[T]his subchapter' refers to Title 8, Chapter 12, Subchapter II, of the United States Code, codified at 8 U.S.C. §§ 1151–1381 and titled 'Immigration.'" *Kucana v. Holder*, 558 U.S. 233, 239 n.3, 130 S. Ct. 827, 832 n.3 (2010); *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1361 (11th Cir. 2006). Thus, § 1252(a)(2)(B)(ii) bars review of decisions that are specified by Congress in Subchapter II to be within the discretion of the Attorney General or DHS Secretary. *Zafar*, 461 F.3d at 1361. While it is obvious that Congress has committed adjustment-of-status decisions under the CAA to the Attorney General's discretion, Daniel contends that the CAA is not part of Subchapter II and therefore falls outside the ambit of § 1252(a)(2)(B)(ii)'s jurisdictional bar.

We do not resolve this issue because Daniel expressly conceded to the district court that the discretionary denial of his CAA application was unreviewable under § 1252(a)(2)(B)(ii). Specifically, Daniel asserted in response to the government's motion to dismiss that § 1252(a)(2)(B)(ii) applied "[b]ecause Mr. Daniel's [CAA application] is under the purview of the Attorney General's discretion." He cannot now be heard to complain that the district court committed

7

an error that he invited the court to make.  *See Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1231 (11th Cir. 2012) ("A party that invites an error cannot complain when its invitation is accepted.").  Consequently, to the extent Daniel's challenge to the Service's denial of his motion for reconsideration necessarily implicated review of the underlying discretionary denial of his CAA application, we affirm the district court's dismissal for lack of subject-matter jurisdiction.

Turning to Daniel's stand-alone claim of procedural error regarding the denial of his motion for reconsideration, we again must address our jurisdiction to review the issue.  Daniel sought judicial review under the APA, which, as explained above, permits review of final agency action for which no other adequate remedy in court is available.  *See* 5 U.S.C. § 704.  These requirements appear to be satisfied here.  The denial of Daniel's motion for reconsideration was the final decision of the Service relating to his CAA application, and it had legal consequences for his immigration status.  *See Perez*, 774 F.3d at 965.  Daniel also may have no other adequate remedy to challenge that denial because, by regulation, the underlying denial of his application for adjustment of status under the CAA is non-appealable.  *See id.* at 966.  And "[i]t is rudimentary administrative law that discretion as to the substance of the ultimate decision does not confer discretion to ignore the required procedures of decisionmaking."  *Bennett v. Spear*,

8

520 U.S. 154, 172, 117 S. Ct. 1154, 1166 (1997); *see* 5 U.S.C. § 706(2)(D) (a reviewing court "shall hold unlawful and set aside agency action, findings, and conclusions found to be without observance of procedure required by law").

In light of the "strong presumption in favor of judicial review of administrative action," *I.N.S. v. St. Cyr*, 533 U.S. 289, 298, 121 S. Ct. 2271, 2278 (2001), and the absence of any apparent bar to our exercise of jurisdiction, we find that jurisdiction exists under the APA and 28 U.S.C. § 1331 to review Daniel's limited claim of procedural error.

Daniel asserts that the Service's denial of his motion for reconsideration violated 8 C.F.R. § 103.3(a)(1)(i), which states that when a Service officer denies an application or petition filed to obtain benefits or adjust status, "the officer shall explain in writing the specific reasons for denial." 8 C.F.R. § 103.3(a)(1)(i). However, while § 103.3(a)(1)(i) applied to the denial of his CAA application, Daniel is incorrect that this regulation applied to the denial of his motion for reconsideration. Instead, motions for reconsideration or reopening are governed by a separate regulation, 8 C.F.R. § 103.5, which states that "[t]he provisions of § 103.3(a)(2)(x) . . . apply to decisions on motions." 8 C.F.R. § 103.5(a)(7). And § 103.3(a)(2)(x), in turn, merely requires that "[t]he decision must be in writing." 8 C.F.R. § 103.3(a)(2)(x). Accordingly, to comply with the applicable regulation,

9

the Service's denial of Daniel's motion for reconsideration simply needed to be in writing, which it was. So, no procedural error occurred.

But even if § 103.3(a)(1)(i) applied, Daniel still has not stated a plausible claim. The decision denying his motion for reconsideration succinctly but adequately explained the "specific reasons for the denial." The Service (a) summarized the reasons for the initial denial of his CAA application, (b) stated that it had "thoroughly and carefully reviewed [his] Motion and supporting documents," (c) stated that it had "determined that no new facts, or documentary evidence was filed," (d) and found that the "original decision denying adjustment of status appears to be correct and supported by case law." Daniel has pointed to no regulation requiring the Service to address his motion for reconsideration in detail or to explicitly respond to each of his arguments. And Daniel cannot, as the district court recognized, obtain review of the merits of the decision through the guise of claiming "procedural" error. In sum, no plausible basis exists to conclude that the Service failed to comply with its procedural obligations.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

10