[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12254
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-20557-DPG

YADINA RUBI,

Plaintiff - Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY (DHS)
YESEIRA DIAZ, Miami Field Office Director,
U.S. Citizenship and Immigration Services (USCIS),

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 5, 2020)

Before JORDAN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Yadina Rubi appeals the district court's dismissal for failure to state a claim of her complaint filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701.  The district court concluded that, under the plain language of 8 U.S.C. § 1255(c)(2), Rubi was ineligible for an adjustment of immigration status because she failed to continuously maintain lawful status in the United States.  *See* 8 U.S.C. § 1255(c)(2).  Rubi disagrees, arguing that adjustment of her immigration status was not foreclosed because she maintained lawful immigration status since her return to the United States under advance parole.  After careful consideration, we affirm the district court's dismissal.

Rubi is a native and citizen of Honduras.  She initially entered the United States on a B-2 nonimmigrant visa; she remained beyond the end of her authorized stay.  More than four years later, Rubi's employer filed an I-140 visa petition on Rubi's behalf with the United States Citizenship and Immigration Services ("USCIS").  *See id*. §§ 1151(d), 1255(a); 8 C.F.R. § 245.2(a)(2).  USCIS approved the petition.  About 18 months afterward, Rubi left the United States under a grant

2

of pre-approved advance parole,[1] returning eight days later.  *See* 8 U.S.C. § 1182(d)(5); 8 C.F.R § 212.5(f)

While her parole status was still valid, Rubi filed an I-485 application for adjustment of her immigration status from a nonimmigrant to that of a lawful permanent resident.  *See* 8 U.S.C. § 1255(a).  Section 1255(a) provides that an immigrant who "was inspected and admitted or paroled into the United States" may have her status adjusted by the Attorney General, "in his discretion and under such regulations as he may prescribe."  *Id*.  A nonimmigrant must satisfy three requirements before she is eligible for adjustment:  she must (1) "make[] an application for such adjustment," (2) be "eligible to receive an immigrant visa and [] admissible to the United States for permanent residence," and (3) have an immigrant visa "immediately available" when her application is filed.  *Id.*

USCIS conceded that Rubi met all three requirements.  But it deemed her ineligible for adjustment of immigration status because she failed to maintain lawful immigration status since her entry into the United States, thus implicating § 1225(c), which provides that adjustment of immigration status is not available to

---

[1] Advance parole is "a mechanism by which a district director can, as a humanitarian measure, advise an alien who is in [the United States], but who knows or fears that he will be inadmissible if he leaves and tries to return, that he can leave with assurance that he will be paroled back into the United States upon return."  *Assa'ad v. U.S. Att'y. Gen*., 332 F.3d 1321, 1326–27 (11th Cir. 2003).  When parole expires or is otherwise revoked, the nonimmigrant is subject to exclusion proceedings.  8 U.S.C. § 1182(d)(5)(A) ("parole . . . shall not be regarded as admission of the alien"); 8 C.F.R. § 212.5(e)(2) (upon termination of parole, the parolee "shall be restored to the status that he or she had at the time of parole").

an applicant "who . . . has failed (other than through no fault of his own or for technical reasons) to maintain continuously lawful status since entry into the United States." *Id.* § 1255(c)(2). USCIS further determined that Rubi's departure from and re-entry into the United States under a grant of advance parole had no bearing on her ineligibility given the time period of unlawful status between the date she overstayed her visa and her departure under advance parole. *See* 8 C.F.R. § 245.1(d)(3) ("[T]he departure and subsequent reentry of an individual who has not maintained a lawful immigration status on any previous entry into the United States does not erase the bar to adjustment of status in [8 U.S.C. § 1255(c)(2)].")

Rubi filed this action in the United States District Court for the Southern District of Florida for judicial review of USCIS's denial. USCIS moved to dismiss the action, arguing that it properly determined that Rubi was not eligible for immigration status adjustment. The district court agreed, reasoning that § 1255(c)(2) "requires that an individual maintain continuous lawful immigration status since entry into the United States." Doc. 21 at 6-7.[2] And because Rubi had no lawful status from the date her B-2 visa expired until she departed the United States on advance parole over five years later, she had not maintained continuous lawful immigration status and thus was ineligible for adjustment of status. This appeal followed.

---

[2] "Doc. #" refers to the numbered entry on the district court's docket.

4

We review issues involving statutory interpretation *de novo*. *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1264 (11th Cir. 2011). Under the APA, a court may review an agency's interpretation of a statute and set aside an agency action or conclusion that was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706; *see also Serrano*, 655 F.3d at 1264 ("Courts may, under the Administrative Procedure Act, review an agency's interpretation of a statute."). When reviewing an agency's construction of a statute, we first look to "whether Congress has directly spoken to the precise question at issue." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). "If the 'language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case,' and 'the statutory scheme is coherent and consistent,' the inquiry is over." *Warshauer v. Solis*, 577 F.3d 1330, 1335 (11th Cir. 2009).

We also review the district court's grant of a motion to dismiss *de novo*, and in doing so, we view all allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Perez v. U.S. Bureau of Citizenship and Immigration Servs.*, 774 F.3d 960, 964 (11th Cir. 2014).

Adjustment of immigration status under 8 U.S.C § 1255 is unavailable to an immigrant "who . . . has failed (other than through no fault of his own or for technical reasons) to maintain continuously lawful status since entry into the

United States." 8 U.S.C. § 1255(c)(2). Rubi contends that she is not ineligible under this provision because the statute does not specify what entry should be considered. In her view, she satisfied § 1255(c)(2) by maintaining lawful status since she was paroled into the United States and thus is eligible for adjustment of her immigration status. We disagree.

The language of § 1255(c)(2) is unambiguous. It requires that an individual maintain continuous lawful immigration status after entry into the United States. 8 U.S.C § 1255(c)(2); *see also Duron v. Stul* (*Duron II*), 724 F. App'x 791, 792 (11th Cir. 2018) ("Although [plaintiff] departed and was subsequently paroled back into the United States … this did not cure his failure to maintain lawful status in the United States since his arrival in 1997."). Because she had not maintained lawful immigration status from the time her visa expired until her departure from the United States on advance parole, Rubi failed to satisfy this requirement. This renders her ineligible for adjustment of status under § 1255.

Like the district court, we find *Duron v. Swacina*, No. 16-CV-21525-JLK, 2016 WL 7217176 (S.D. Fla. Dec. 12, 2016), *aff'd sub nom., Duron II*, 724 F. App'x 791, instructive here. There, Duron, a citizen of Honduras, entered the United States without inspection. *Id.* at *1. Just over a year later, he was granted Temporary Protected Status ("TPS"). He then departed and reentered the United States under a grant of parole and subsequently filed an application to adjust his

6

status to lawful permanent resident as the spouse of a lawful permanent resident. *Id*. USCIS denied his application because he was unlawfully present in the United States from his entry into the United States until his grant of TPS. *Id*. at *2–3.

Like Duron, Rubi's prior instance of unlawful status bars her from adjustment of her immigration status. In both instances, the applicant was in the United States without lawful immigration status before filing the application for adjustment of status. *See* 8 U.S.C. § 1255(c)(2). And just as Duron's grant of TPS did not cure his period of unlawful status, Rubi's advance parole cannot cure hers.

Rubi argues that the instant case is materially different from *Duron* because (1) Duron was not in a valid parolee status when he filed his application for adjustment, (2) Duron initially entered the United States without inspection, and (3) Duron's argument turned on whether being granted TPS status pursuant to 8 U.S.C § 1254a(f)(4) constituted maintaining a lawful immigration status for the purpose of adjustment of status. None of these arguments distinguishes *Duron* from this case because these differences are unrelated to *Duron*'s holding: that a period of unlawful status bars adjustment of immigration status under 8 U.S.C § 1255 and a later period of lawful status does not overcome this eligibility bar.

Rubi's period of unlawful status is not cured by her parole and later reentry into the United States and, therefore, she cannot overcome § 1255(c)(2)'s bar to adjustment of immigration status. USCIS thus properly determined that she was

7

statutorily ineligible to adjust status. Further, because Rubi was statutorily ineligible to adjust her status, USCIS's decision was not arbitrary or capricious under the APA. Accordingly, we affirm the district court's dismissal of Rubi's complaint.[3]

**AFFIRMED.**

---

[3] The district court also determined that the government's motion could be granted on an alternative ground: USCIS's decision that 8 U.S.C. § 1255(c)(2)'s limitation on continuous lawful status since entry into the United States included Rubi's first entry was reasonable and entitled to deference. Because we conclude that Rubi is statutorily ineligible to adjust her immigration status, we need not reach this ground for dismissal.