[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12023

Non-Argument Calendar

_____

CONNIE ANDERSON,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF INVESTIGATION,
TWANDA ROBINSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

D.C. Docket No. 1:23-cv-00538-RDP

————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Connie Anderson appeals the district court's dismissal of her *pro se*[1] civil complaint alleging violations of the Federal Tort Claims Act (FTCA), the Administrative Procedures Act (APA), and the Equal Protection Clause brought against the United States, the Federal Bureau of Investigation (FBI), and one individual, Twanda Robinson. Anderson asserts the district court erroneously dismissed her complaint because Robinson stalked her and the FBI declined to help her. After review,[2] we affirm.

## I.  FTCA

The FTCA does not create a substantive cause of action against the United States, but rather provides a mechanism by

---

[1] *Pro se* pleadings will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Nevertheless, *pro se* litigants are required to comply with applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, the leniency afforded *pro se* litigants with liberal construction does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *Campbell*, 760 F.3d at 1168-69.

[2] We review *de novo* a district court's dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007).

which a plaintiff may bring a state law tort action against the federal government in federal court. *See Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004). Under the FTCA, the United States is subject to liability in a tort action in the same manner, and to the same extent, that a private individual would be under the law of the place where the tort occurred. *See* 28 U.S.C. § 1346(b)(1). Importantly, "unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001).

Thus, claims involving federal law, such as federal tort claims, are not within the scope of the FTCA. *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986). Moreover, the FTCA authorizes suits against the United States, not its agencies. *See* 28 U.S.C. § 2679(a); *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994).

The district court did not err in dismissing Anderson's claims against the United States and the FBI. With respect to Anderson's claims under the FTCA, this statute does not allow her to sue a federal agency or assert a claim premised on federal law. *See Meyer*, 510 U.S. at 476; *McCollum*, 794 F.2d at 608. Because she named the FBI, a federal agency, in the instant suit, her claim against the FBI is improper. *See Meyer*, 510 U.S. at 476. Her claim against the United States also fails, as she did not cite any Alabama tort law in her amended complaint and the FTCA merely provides a mechanism by which a plaintiff may bring a state law tort action. *See Stone*, 373 F.3d at 1130. Accordingly, the district court did not err

in dismissing Anderson's FTCA claims against the FBI and the United States.

## II.  APA

The APA generally authorizes judicial review of a final agency action.  5 U.S.C. § 702; *Perez v. U.S. Bureau of Citizenship & Immigr. Servs.*, 774 F.3d 960, 965 (11th Cir. 2014).  The APA waives sovereign immunity "in actions against federal government agencies seeking nonmonetary relief if the agency conduct is itself subject to judicial review."  *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985); *see* 5 U.S.C. § 702.

Anderson's claims under the APA similarly fail, as this statute does not create a cause of action but, instead, authorizes judicial review of a final agency decision.  *See* 5 U.S.C. § 702; *Perez*, 774 F.3d at 965.

## III.  18 U.S.C. § 1030

18 U.S.C. § 1030 addresses "[f]raud and related activity in connection with computers" and provides a civil cause of action for "[a]ny person who suffers damage or loss by reason of a violation of this section . . . against the violator."  18 U.S.C. § 1030(g).  However, any such action must be brought within 2 years of the date of the complained-of act or of the date of discovery of the damage.  *Id.*

The court did not err in dismissing Anderson's claims against Robinson because they were barred by 18 U.S.C. § 1030's two-year statute of limitations.  18 U.S.C. § 1030(g).  As alleged in Anderson's complaint, the last of Robinson's misconduct occurred

23-12023                Opinion of the Court                5

in December 2018 and she did not bring the instant suit until April 2023.  Thus, the court did not err in dismissing her claims against Robinson as untimely and we affirm.

**AFFIRMED.**