[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14229

Non-Argument Calendar

_____

KATHRYN WALKER,

Plaintiff-Appellant,

*versus*

SECRETARY OF THE ARMY,
in her official capacity,
DEPARTMENT OF THE ARMY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

D.C. Docket No. 1:23-cv-00066-JRH-BKE

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Kathryn Walker, *pro se*, appeals from the district court's dismissal of her amended complaint for lack of subject matter jurisdiction and denial of her motion for leave to file a second amended complaint. She argues that the district court had subject matter jurisdiction for her claims under the Administrative Procedure Act, 5 U.S.C. § 701, and that the denial of her motion was an abuse of discretion. Because we agree that the district court did not have jurisdiction to hear the case and that amending the complaint would be futile, we affirm.

## I.

Walker is a civilian transportation specialist employed by the United States Army. In January 2023, Walker received a notice from her supervisor proposing a ten-day suspension for Conduct Unbecoming a Federal Employee. She responded to the notice and argued that her supervisor "did not follow the procedures set forth in Army Regulation 690-752" when he issued the notice. After considering Walker's response and the factors relevant to her charged misconduct, the deciding official sustained the suspension. This decision explained that Walker could challenge her suspension by filing a complaint with the Equal Employment Opportunity Office if she believed the decision was based on discrimination against a

protected class, filing a complaint with the United States Office of Special Council if she believed it was based on her prior whistle-blowing activity, or filing a grievance under the collective bargaining agreement. She pursued none of those options and instead filed a complaint in the district court against the Department of the Army and its Secretary, in her official capacity, for allegedly violating the APA.

According to Walker, the notice was arbitrary and capricious and in violation of the Army's own rules because it did not document any aggravating or mitigating factors that influenced the decision. The Army moved to dismiss the complaint for failure to state a claim and lack of jurisdiction because the United States had not waived sovereign immunity. According to the Army, the Civil Service Reform Act precludes judicial review of minor personnel actions like a ten-day suspension. Walker contested the motion, and having already amended her complaint, moved for leave to file a second amended complaint so she could "provide a more definite statement[.]" Ultimately, the district court granted the Army's motion to dismiss because it determined that the CSRA barred judicial review and denied Walker's motion for leave to file a second amended complaint because Walker failed to attach a new complaint or explain its substance and because any amendment would be futile.

This appeal followed.

**II.**

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction and its interpretation of statutory provisions. *Chaney v. Tennessee Valley Auth.*, 264 F.3d 1325, 1326 (11th Cir. 2001). Although we review the denial of a motion to amend for abuse of discretion, we review the conclusion that an amendment would be futile *de novo*. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

### III.

### *A.*

Federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But just because a court can hear all cases involving federal questions does not mean it can adjudicate all disputes. One limitation on a court's ability to answer these questions is sovereign immunity. "It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued, and absent a specific waiver of sovereign immunity . . . the court lacks subject matter jurisdiction over the suit." *Johnson v. White*, 989 F.3d 913, 914 (11th Cir. 2021) (internal quotations omitted) (citing *Zelaya v. United States*, 781 F.3d 1315, 1321-22 (11th Cir. 2015). This defense applies not just to the federal government, but also to governmental officials who are sued in their official capacities. *See Davila v. Gladden*, 777 F.3d 1198, 1209 (11th Cir. 2015) ("In order to authorize official-capacity suits, Congress must clearly waive the federal government's sovereign immunity.").

Congress can waive sovereign immunity, but waiver must be "unequivocally expressed in statutory text," not implied, and it must be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Congress's ability to waive the immunity also includes "the power to condition a waiver of its immunity as broadly or narrowly as it wishes." *Zelaya*, 781 F.3d at 1321-22. The broad grant of jurisdiction under Section 1331 does not explicitly waive sovereign immunity, so it "may not be construed to constitute waivers of the federal government's defense of sovereign immunity." *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972). Therefore, if Walker's suit is to survive, there must be some other basis by which Congress waived the immunity.

Walker argues that the APA provides such an explicit waiver. And she is right, at least partly. Under the APA, a person who is harmed by a final agency action can file suit seeking relief other than money damages against an officer in his official capacity and that suit "shall not be dismissed nor relief therein be denied on the ground that it is against the United States." 5 U.S.C. § 702. The Supreme Court has recognized this provision to be an explicit waiver of sovereign immunity. *See Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215 (2012). However, the statute limits that waiver to the extent that a federal statute precludes judicial review or the action is committed to agency discretion by law. 5 U.S.C. § 701(a); *see Perez v. U.S. Bureau of Citizenship & Immigr. Servs.*, 774 F.3d 960, 965 (11th Cir. 2014) (recognizing that the APA "expressly excepts review under its provisions

where 'statutes preclude judicial review,'" or "agency action is committed to agency discretion by law") (citing 5 U.S.C. § 701(a)).

The district court determined that the CSRA precluded judicial review for the suit, which Walker now argues was error. By enacting the CSRA, Congress "comprehensively overhauled the civil service system, creating an elaborate new framework for evaluating adverse personnel actions against federal employees." *United States v. Fausto*, 484 U.S. 439, 443 (1988) (cleaned up). We have previously recognized that this statutory scheme "indicates a clear congressional intent to permit federal court review as provided in the CSRA, or not at all." *Stephens v. Dep't Health Hum. Servs.*, 901 F.2d 1571, 1576 (11th Cir. 1990) (citation omitted). And even if a plaintiff challenges an agency's failure to follow its own rules instead of the adverse action itself, as Walker does here, a plaintiff cannot run an end-around the statute's requirements simply by reframing the complaint. *See Fausto*, 484 U.S. at 451 n.5 (explaining that allowing a claim to proceed because the agency violated its own rules even though the CSRA does not provide for judicial review would undermine the statutory framework); *Graham v. Ashcroft*, 358 F.3d 931, 935 (D.C. Cir. 2004) ("It is no answer to invoke the principle that agencies must follow their own regulations" in order to qualify for judicial review.)

The CSRA provides plaintiffs with different paths to seek redress based on the circumstances of their complaints. As relevant here, a federal employee in the competitive services who has been suspended for 14 days or less is entitled to advance written notice

of the suspension explaining the decision, a reasonable time to respond and file documentary evidence, legal representation, and a final written decision. 5 U.S.C. §§ 7501-03(b). Conversely, covered employees who are suspended for more than 14 days are entitled to similar procedural protections as well as judicial review only after they have exhausted their administrative remedies. *See* 5 U.S.C. §§ 7511-13(b), 7703; *Ferry v. Hayden*, 954 F.2d 658, 661 (11th Cir. 1992) (explaining that an employee's "failure to exhaust his administrative remedies under the CSRA precludes judicial review of his allegations of improper agency action").

Congress clearly drew a line at 14 days and only provided for judicial review when the suspension surpasses that mark. Because Congress adopted this comprehensive statutory scheme and chose not to extend judicial review to brief suspensions like Walker's, we must conclude that judicial review is precluded by the statute. *See Graham*, 358 F.3d at 933 ("Although Section 7503 provides some procedural protections in such cases, there is no right to judicial review for covered employees under Subchapter I."); *Fausto*, 484 U.S. at 447 (concluding that because the statute granted protections—including judicial review—only to covered employees under sections 7511-13, then the statute "displays a clear congressional intent to deny the excluded employees the protections"); *see also Virginia Uranium, Inc. v. Warren,* 587 U.S. 761, 765 (2019) ("In this, as in any field of statutory interpretation, it is our duty to respect not only what Congress wrote but, as importantly, what it didn't write.").

*B.*

Walker also argues that the district court abused its discretion by denying her motion for leave to amend her complaint a second time under Federal Rule of Civil Procedure 15(a). A party is generally entitled to amend a pleading once within 21 days of serving it, but otherwise a party can do so only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). Despite this limitation, the court should "freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). An appropriate motion must either attach a copy of the proposed amendment or explain the substance of it so that the court may determine whether the amendment would save the claim. *U.S. ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1362 (11th Cir. 2006).

Just because a court should freely grant leave when justice so requires does not mean that a party is entitled to amend the complaint as a matter of course under Rule 15(a)(2). *See Fraser v. Sears, Roebuck & Co.*, 674 F.2d 856, 859-60 (11th Cir. 1982) ("Rule 15(a) requires a district court to freely grant leave to amend the complaint whenever 'justice so requires,' however this is not an automatic right.") (citation omitted). "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such a statement would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Leave to amend is futile when the newly amended complaint would still be properly dismissed. *Cockrell*, 510 F.3d at 1310.

Here, Walker has already amended her complaint once, so she is not entitled to amend her complaint without leave from the court. Furthermore, in her motion she did not explain the substance of her proposed amendment in any detail and indicated only that the amendment would "provide a more definite statement." The district court concluded that the sparse description of the amendment was insufficient to determine that leave to amend was appropriate, and that even with a more substantive motion, any amendment would be futile because the CSRA precludes judicial review.

We need not consider whether the proposed amendment was properly substantiated because we agree that any amendment would have been futile. The CSRA established a comprehensive framework for assessing adverse personnel actions against federal employees and that framework does not provide for judicial review in these circumstances. Therefore, no amended or more definite complaint could qualify for judicial review, and it would still be subject to dismissal for lack of subject matter jurisdiction.

**IV.**

Because we conclude that the clear language of the CSRA precludes judicial review and that any amendment to the complaint would be futile, we **AFFIRM**.