# Matter of Olty CABRERA-FERNANDEZ, et al., Respondents

*Decided September 11, 2023*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Release on conditional parole under section 236(a)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a)(2)(B) (2018), is legally distinct from release on humanitarian parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A) (2018). *Matter of Castillo-Padilla*, 25 I&N Dec. 257, 258–63 (BIA 2010), followed.

(2) Applicants for admission who are released on conditional parole rather than humanitarian parole have not been "inspected and admitted or paroled," and accordingly are not eligible for adjustment of status under the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, as amended.

FOR THE RESPONDENTS:  Arno Lemus, Esquire, Miami, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Janelle C. Cruz, Assistant Chief Counsel

BEFORE:  Board Panel:  GREER and GORMAN, Appellate Immigration Judges; CROSSETT, Temporary Appellate Immigration Judge.

GREER, Appellate Immigration Judge:

In a decision dated August 16, 2022, the Immigration Judge granted the respondents' application for adjustment of status under the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, as amended ("Cuban Adjustment Act").  The Department of Homeland Security ("DHS") has appealed that decision, arguing that the respondents have not been admitted or paroled.  The respondents oppose DHS' appeal.  We will sustain the appeal, vacate the Immigration Judge's order granting adjustment of status, and remand the record to the Immigration Court for further proceedings.

DHS encountered the respondents less than a mile from the southern border, about 40 minutes after they had entered the United States without being inspected and admitted or paroled.  The respondents were detained for a few days after their initial apprehension and then released on their own recognizance pursuant to DHS' conditional parole authority under section 236(a)(2)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a)(2)(B) (2018).

The respondents were charged with inadmissibility under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i) (2018), based on their presence in the United States without having been admitted or paroled. The respondents conceded removability, and the Immigration Judge sustained the charges.

Nevertheless, the Immigration Judge found the respondents eligible for adjustment of status under the Cuban Adjustment Act, which requires the respondents to have been "inspected and admitted or paroled into the United States." Cuban Adjustment Act § 1. The Immigration Judge concluded that the respondents' release from DHS custody occurred pursuant to a grant of humanitarian parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A), rather than a grant of conditional parole under section 236(a)(2)(B) of the INA, 8 U.S.C. § 1226(a)(2)(B). Unlike a grant of conditional parole, a grant of humanitarian parole would render the respondents eligible for adjustment of status. *See Matter of Castillo-Padilla*, 25 I&N Dec. 257, 263 (BIA 2010) (involving applicant for adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a) (2006)).

The Immigration Judge concluded that when the respondents were apprehended by DHS near the border, they were subject to expedited removal—and, by extension, mandatory detention—under section 235(b)(1) of the INA, 8 U.S.C. § 1225(b)(1) (2018). Relying on *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), which describes section 212(d)(5)(A) parole as the sole mechanism authorizing the release of individuals detained for expedited removal, the Immigration Judge reasoned that the respondents' release occurred through a grant of humanitarian parole by operation of law. For the following reasons, we conclude that the Immigration Judge erred.

The respondents are applicants for admission to the United States due to the circumstances surrounding their arrival and encounter with immigration authorities. *See* INA § 235(a)(1), 8 U.S.C. § 1225(a)(1); *Matter of Lemus*, 25 I&N Dec. 734, 743 (BIA 2012) (explaining that applicants for admission include those seeking permission to enter and those who are present in the United States without having requested or received permission to enter). For applicants for admission charged as inadmissible, DHS has authority to determine whether to initiate expedited removal proceedings under section 235(b)(1)(A)(i) of the INA, 8 U.S.C. § 1225(b)(1)(A)(i), or removal proceedings under section 240 of the INA, 8 U.S.C. § 1229a.[1] *Matter of E-R-M- & L-R-M-*, 25 I&N Dec. 520, 523 (BIA 2011).

---

[1]   This authority is illustrated in the Attorney General's decision in *Matter of D-J-*, 23 I&N Dec. 572, 572–76 (A.G. 2003), which involved a similar fact pattern. In that case, DHS apprehended a respondent shortly after he entered the United States without admission or parole and charged him with the same ground of inadmissibility at issue here. The Attorney General reviewed his eligibility for release from custody under section 236(a) of the INA,

The respondents do not dispute that DHS released them on their own recognizance under section 236 of the INA, 8 U.S.C. § 1226, rather than through the procedures for parole under section 212(d)(5) of the INA, 8 C.F.R. § 1182(d)(5). Release on such conditional parole under section 236(a)(2)(B) of the INA, 8 U.S.C. § 1226(a)(2)(B), is legally distinct from release on humanitarian parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A). *Matter of Castillo-Padilla*, 25 I&N Dec. at 258–63. *See generally Biden v. Texas*, 142 S. Ct. 2528, 2543 (2022) (stating that DHS may exercise its discretion to parole applicants for admission pursuant to section 212(d)(5) of the INA, 8 U.S.C. § 1182(d)(5), according to the statutory terms, i.e., "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit"). We conclude that there is no basis to treat the respondents' release in this case as occurring under section 212(d)(5) of the INA, 8 U.S.C. § 1182(d)(5). Contrary to the Immigration Judge's determination, we do not read *Jennings* to mandate a different result.[2]

The Immigration Judge also relied on *Matter of O-*, 16 I&N Dec. 344 (BIA 1977), in deeming the respondents' release on their own recognizance to be a release on parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A). In *Matter of O-*, this Board found the release of military evacuees brought to the United States from Vietnam to have been accomplished by means of parole, given the absence of an alternative statutory mechanism for effecting their release. *Id*. at 348–51. *Matter of O-* is inapposite, however, because section 236(a)(2)(B) of the INA, 8 U.S.C. § 1226(a)(2)(B), provides DHS with an alternative statutory mechanism for releasing the present respondents, which was followed in this case.[3]

In sum, the respondents in this case were detained soon after their unlawful entry, placed in removal proceedings under section 240 of the INA, 8 U.S.C. § 1229a, charged with inadmissibility under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), and released on conditional parole under section 236(a)(2)(B) of the INA, 8 U.S.C. § 1226(a)(2)(B). DHS did not release them under the terms required to invoke the humanitarian parole

---

8 U.S.C. § 1226(a). *Cf. Matter of M-S-*, 27 I&N Dec. 509, 510–13 (A.G. 2019) (addressing the detention and release of respondents whom DHS initially elects to place in expedited removal proceedings, but who are later transferred to section 240 removal proceedings after establishing a credible fear of persecution or torture).

[2] *Jennings* held that detained individuals in expedited removal proceedings are not entitled to bond hearings under the terms of the statute irrespective of detention length. 138 S. Ct. at 844–45.

[3] The applicants in *Matter of O-* were ineligible for release on conditional parole because they were in exclusion proceedings under prior law. *See* INA § 235(b), 8 U.S.C. § 1225(b) (1970).

authority under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A). As applicants for admission who were released on conditional parole rather than humanitarian parole, the respondents have not been "inspected and admitted or paroled," and accordingly are not eligible for adjustment of status under the Cuban Adjustment Act. Cuban Adjustment Act § 1.

We will, therefore, sustain DHS' appeal and vacate the Immigration Judge's decision granting adjustment of status. The record will be remanded so the respondents can seek any other relief from removal for which they may be eligible.

**ORDER:** The Department of Homeland Security's appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's order dated August 16, 2022, is vacated, and the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.