# Matter of Israel Enrique ROQUE-IZADA, Respondent

*Decided June 20, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Termination of removal proceedings is not warranted to permit a respondent to seek adjustment of status under the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, as amended, before United States Citizenship and Immigration Services ("USCIS") based on speculation that USCIS will grant the respondent parole under section 212(d)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5)(A) (2018).

FOR THE RESPONDENT: Hiedy M. Marcus, Esquire, Phoenix, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Peter F. Mather, Assistant Chief Counsel

BEFORE: Board Panel: MANN, BAIRD, MAHTABFAR, Appellate Immigration Judges.

BAIRD, Appellate Immigration Judge:

In a decision dated June 21, 2024, the Immigration Judge granted the respondent's motion to terminate proceedings to pursue adjustment of status under the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, as amended ("Cuban Adjustment Act"), before United States Citizenship and Immigration Services ("USCIS"). The Department of Homeland Security ("DHS") has appealed that decision, arguing that termination was not warranted because the respondent has not been admitted or paroled into the United States and is not prima facie eligible for adjustment of status. The respondent opposes the appeal. We will sustain the appeal, reinstate proceedings, and remand the record to the Immigration Court for further proceedings.

## I. PROCEDURAL HISTORY

The respondent was served with a notice to appear on May 2, 2022. The notice to appear alleged that he is not a citizen of the United States, that he is a native and citizen of Cuba, and that he initially entered the United States at or near San Luis, Arizona, on or about April 30, 2022. The respondent admitted these allegations but denied the allegation that he was not admitted or paroled into the United States. Rather, he alleged that he was paroled on

or about May 2, 2022, pursuant to section 212(d)(5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(d)(5) (2018). The respondent nonetheless conceded the charge of removability under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), acknowledging that the issuance of the notice to appear terminated his parole and he reverted to the status of an alien present without being admitted or paroled. *See* 8 C.F.R. § 212.5(e)(2)(i) (2025); *see also Matter of Arambula-Bravo*, 28 I&N Dec. 388, 392–93 (BIA 2021).

On June 14, 2024, the respondent filed a motion to terminate, seeking to pursue adjustment of status under the Cuban Adjustment Act before USCIS. DHS opposed the motion, arguing that the respondent was not prima facie eligible for adjustment of status. The Immigration Judge granted the respondent's motion and terminated proceedings without prejudice.

Relying on *Matter of Coronado Acevedo*, 28 I&N Dec. 648, 651–52 (A.G. 2022), the Immigration Judge concluded that termination of proceedings was appropriate to allow the respondent to pursue an application for adjustment of status under the Cuban Adjustment Act with USCIS. The Immigration Judge found that because the respondent has not been admitted or paroled into the United States, the Immigration Judge did not have the authority to adjudicate the application under the Board's decision in *Matter of Cabrera-Fernandez*, 28 I&N Dec. 747, 750 (BIA 2023). However, the Immigration Judge concluded that because USCIS may grant the respondent humanitarian parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A), while the Cuban Adjustment Act application is pending, termination of proceedings was appropriate.

## II. DISCUSSION

We review de novo whether the Immigration Judge erred in terminating proceedings. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025). In *Matter of Coronado Acevedo*, the Attorney General reasoned that an Immigration Judge may consider and, where appropriate, grant termination or dismissal where termination "is necessary for the respondent to be eligible to seek immigration relief before USCIS." 28 I&N Dec. at 651–52.[1] Here,

---

[1] Prior to the Immigration Judge's decision, new regulations were promulgated regarding an Immigration Judge's authority to terminate proceedings. *See* 8 C.F.R. § 1003.18(d)(1)(ii) (2025). The regulation at 8 C.F.R. § 1003.18(d)(1)(ii)(B) provides, in relevant part, that an Immigration Judge has the discretionary authority to terminate proceedings where a respondent demonstrates (1) prima facie eligibility for adjustment of status and (2) USCIS has jurisdiction to adjudicate the application for adjustment of status

termination of proceedings to allow the respondent to pursue adjustment of status under the Cuban Adjustment Act before USCIS was not necessary or warranted. Contrary to the Immigration Judge's conclusion, *Matter of Cabrera-Fernandez*, 28 I&N Dec. at 750, did not hold that Immigration Judges lack authority to adjudicate applications for adjustment of status under the Cuban Adjustment Act where an alien has not been admitted or paroled into the United States. Rather, *Matter of Cabrera-Fernandez*, 28 I&N Dec. at 750, held that applicants for admission who are released on a grant of conditional parole under section 236(a)(2)(B) of the INA, 8 U.S.C. § 1226(a)(2)(B) (2018), rather than humanitarian parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A), have not been "inspected and admitted or paroled" under section 1 of the Cuban Adjustment Act and are not eligible for adjustment of status.

An Immigration Judge has exclusive jurisdiction to adjudicate any application for adjustment of status filed by a respondent in removal proceedings, except for a respondent classified as an "arriving alien." 8 C.F.R. § 1245.2(a)(1) (2025); *see also Matter of Silitonga*, 25 I&N Dec. 89, 91–92 (BIA 2009); *Matter of Martinez-Montalvo*, 24 I&N Dec. 778, 783 (BIA 2009) (addressing an adjustment of status application under the Cuban Adjustment Act filed by an arriving alien). In his motion to terminate, the respondent conceded that he was not charged as an "arriving alien" in the notice to appear. *See* 8 C.F.R. § 1001.1(q) (2025) (defining "arriving alien"). As such, the Immigration Judge had jurisdiction to adjudicate the respondent's application for adjustment of status under the Cuban Adjustment Act.

Termination was also not warranted because the respondent has not demonstrated prima facie eligibility for adjustment of status under the Cuban Adjustment Act. *See* 8 C.F.R. § 1003.18(d)(1)(ii) (2025) (providing that an Immigration Judge has the discretionary authority to terminate proceedings where an alien is prima facie eligible for adjustment of status before USCIS). Adjustment of status under the Cuban Adjustment Act requires that the respondent have been "admitted or paroled" into the United States. Cuban Adjustment Act § 1. The respondent has not presented evidence to support his claim that he was paroled under section 212(d)(5) of the INA,

---

if the respondent were not in removal proceedings. The new regulation is largely consistent with the Attorney General's decision in *Matter of Coronado Acevedo*, upon which the Immigration Judge relied in terminating proceedings. *See* Efficient Case and Docket Management in Immigration Proceedings, 89 Fed. Reg. 46742, 46742 (May 29, 2024) (to be codified at 8 C.F.R. pts. 1001, 1003, 1239, 1240) (providing that "the proposed rule was designed to largely codify the currently operative status quo").

8 U.S.C. § 1182(d)(5). He has also not meaningfully distinguished his release from DHS' custody from the conditional parole at issue in *Matter of Cabrera-Fernandez*, 28 I&N Dec. at 747, 750.

The respondent's claim that USCIS will exercise its authority and grant him parole in the future, rendering him eligible for adjustment of status, is speculative at best. Although the respondent contends and the Immigration Judge found that USCIS has granted humanitarian parole to some Cuban nationals, humanitarian parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A), may only be granted for "urgent humanitarian reasons or significant public benefit" and consideration is on a "case-by-case basis." The respondent's motion to terminate did not point to any evidence demonstrating eligibility for humanitarian parole. Thus, we conclude that termination of removal proceedings is not warranted to permit a respondent to seek adjustment of status under the Cuban Adjustment Act before USCIS based on speculation that USCIS will grant the respondent parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A).

## III. CONCLUSION

The respondent's speculative eligibility for adjustment of status before USCIS was insufficient to warrant termination of the respondent's removal proceedings. The Immigration Judge had jurisdiction to adjudicate the respondent's application for adjustment of status under the Cuban Adjustment Act and thus termination was not necessary. *See Matter of Coronado Acevedo*, 28 I&N Dec. at 651–52. Additionally, there is no persuasive evidence in the record to support the respondent's assertion that he was previously granted, or will be granted in the future, humanitarian parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A). Thus he is not prima facie eligible for the relief he seeks. *See* 8 C.F.R. § 1003.18(d)(1)(ii). Accordingly, DHS' appeal will be sustained, removal proceedings reinstated, and the record remanded for further proceedings.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's June 20, 2024, decision is vacated, removal proceedings are reinstated, and the record is remanded to the Immigration Judge for further proceedings and the issuance of a new decision.